430 P.2d 696

Frank Gilliam RIVERA, Petitioner,

v.

The SUPERIOR COURT of the State of
Arizona IN AND FOR the COUNTY OF
MARICOPA, and the Honorable Laurens
L. Henderson, Judge thereof, Respondents,

and

Robert K. Corbin, County Attorney of Mari-
copa County, Real Party In Interest.

No. I CA–CIV 614.

Court of Appeals of Arizona.

July 24, 1967.

Kaplan, Wilks & Abrams, by Philip M.
Haggerty, Phoenix, for petitioner.

Robert K. Corbin, Maricopa County
Atty., by O. J. Wilkinson, Jr., Deputy
County Atty., for respondents.

CAMERON, Chief Judge.

Petitioner Frank Gilliam Rivera orig-
inally applied to this Court for a writ of
mandamus asking that we order the County
Attorney of Maricopa County to provide
petitioner with the name of an alleged
material witness in the trial below.

After an informal hearing upon
said application we issued an order grant-
ing the petitioner time within which to
amend his request for a petition for writ
of certiorari and to join the trial judge
as a respondent naming the County At-
torney as the real party in interest. Our
Supreme Court has stated that regardless
of the caption upon the application for
an extraordinary writ appellate courts
have the power to grant the appropriate
relief even though not specifically asked
for in the petition. State ex rel. Ronan
v. Superior Court In And For County of
Maricopa, 95 Ariz. 319, 390 P.2d 109 (1964).

After an informal hearing on the petition for writ of certiorari, at which time the County Attorney urged that the witness whose name was sought was a confidential informant, we ordered that the respondent judge direct the County Attorney of Maricopa County to disclose to the petitioner or his attorney the name of the informant and his address and such other additional identifying information, including a description of the automobile which was used at the time of the incident in question, as will enable the petitioner or his attorney to seek out, interview and possibly subpoena that person identified as the informant. We further directed that the County Attorney, in his discretion, should be permitted to decline to divulge this identifying information, and should he so elect he should notify the respondent judge who would thereupon dismiss the cause against the petitioner without leave to refile. This opinion follows the order previously entered by this Court.

The question before this Court is whether or not the County Attorney in a narcotics prosecution may be required to divulge to the defendant or his attorney the name of a material witness who is also a confidential police informant. The facts necessary for a determination of this matter are as follows. Defendants Frank Gilliam and Paul Deland Rubalcaba were arrested for illegal possession of marijuana. A preliminary hearing was held on 9 February 1967 at which time the following testimony was reported:

> "Q (by Mr. Bundy): What happened then?
>
> "A (by a narcotics agent for the State of Arizona): I turned around and looked in the rear seat. Rubalcaba was smoking a hand-rolled cigarette. After he took a drag he passed it to Rivera who took a drag and passed it back to Rubalcaba who passed the cigarette to me. I took the cigarette, handled it, and said I couldn't take any, that I was going to work in 15 minutes. I passed it to Rubalcaba and he passed it to the informant who was driving the vehicle. At that time we approached 1st Avenue and Mohave and we let them out. I said to the informant to keep the cigarette. They got out—the defendants.
>
> "Q: The defendants?
>
> "A: Yes. The defendants got out and the informant handed me the cigarette. I put the fire out on it and retained it as evidence."

The matter was set for trial and the attorney for the petitioner moved for a bill of particulars (Rule 116, Rules of Criminal Procedure, 17 A.R.S.) to have the information concerning the identity of the informant made available to the petitioner for furthter investigation by petitioner's attorney. The motion was denied by the respondent Superior Court and the petitioner sought relief in this Court.

■ The law is clear that there are occasions wherein the State may protect the identity of a confidential informant. The United States Supreme Court has recently stated:

> "In permitting the officers to withhold the informant's identity, the court was following well-settled Illinois law. When the issue is not guilt or innocence, but, as here, the question of probable

cause for an arrest or search, the Illinois Supreme Court has held that police officers need not invariably be required to disclose an informant's identity if the trial judge is convinced, by evidence submitted in open court and subject to cross-examination, that the officers did rely in good faith upon creditable information supplied by a reliable informant. This Illinois evidentiary rule is consistent with the law of many other states. * * * What Illinois and her sister States have done is no more than recognize a well-established testimonial privilege, long familiar to the law of evidence. Professor Wigmore, not known as an enthusiastic advocate of testimonial privileges generally, has described that privilege in these words: 'A genuine privilege on * * * fundamental principle * * * must be recognized for the *identity of persons supplying the government with information concerning the commission of crimes*. Communications of this kind ought to receive encouragement. They are discouraged if the informer's identity is disclosed. Whether an informant is motivated by good citizenship, promise of leniency or prospect of pecuniary reward, he will usually condition his cooperation on assurance of anonymity—to protect himself and his family from harm, to preclude adverse social reactions and to avoid the risks of defamation or malicious prosecution actions against him. The government also has an interest in nondisclosure of the identity of its informers. Law enforcement officers often depend upon professional informers to furnish them with a flow of information about criminal activities. Revelation of the dual role played by such persons ends their usefulness to the government and discourages others from entering into a like relationship.

" 'That the government has this privilege is well established and its soundness cannot be questioned.' (footnotes omitted). 8 Wigmore on Evidence, ¶2374 (Mc-Naughton Rev.1961)." McCray v. State of Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62, 67, 69 (1967).

■■■ The Arizona Supreme Court has indicated that there is no fixed rule concerning disclosure of the identity of a confidential informant. The problem is one of balancing the public interest in securing the flow of information with the individual's right to prepare his defense. State v. Kelly, 99 Ariz. 136, 407 P.2d 95 (1965), State v. Espinosa, 101 Ariz. 474, 421 P.2d 322 (1966). And the federal courts have recognized that each case must turn ultimately on its own facts. When disclosure of an informer's identity is relevant or helpful to the defense or essential to a fair determination of the cause, the protection afforded the informant must dissolve. United States v. Russ, 2 Cir., 362 F.2d 843 (1966). We agree with the California court which stated:

"The existence of the privilege of nondisclosure depends on the 'materiality of the informer's identity to the defense.' " People v. Durazo, 52 Cal.2d 354, 340 P.2d 594, 76 A.L.R.2d 257, 259 (1959).

In addition to the testimony heretofore quoted, the reporter's transcript contains further statements as to the active participation of the so-called informant.

■■■ We hold that the privilege of the State to protect the identity and indirectly the safety of a confidential informant can be destroyed when the State places its confidential informant in a position of being a material witness to the crime charged. We wish to make it clear that where a confidential informant has provided information upon which an arrest is made, the informer's identity need not necessarily be revealed. In the instant case the confidential informant is also a material witness to the actual crime alleged to have been committed, and both the United States Supreme Court and our courts have indicated that this type of informant may not be concealed from the defendant and his attorney.

In the case before us the State having made its confidential informant a material witness cannot now refuse to give this information to the defendant in preparing for defense. Under the fact situation in this case the County Attorney must either provide defense counsel with this information or dismiss the information.

The matter is remanded to the Superior Court for further action consistent with this opinion.

DONOFRIO and STEVENS, JJ., concur.