453 P.2d 500

STATE of Arizona, Plaintiff,

v.

Michael Lee WATLING, Defendant.

No. 1987.

Supreme Court of Arizona.

In Banc.

April 23, 1969.

Rehearing Denied May 27, 1969.

Gary K. Nelson, Atty. Gen., Moise Berger, Maricopa County Atty., by David S. Rosenthal, Deputy County Atty., for plaintiff.

Carmichael, Johnson, Stephens & Vanlandingham, by N. Pike Johnson, Jr., Phoenix, for defendant.

McFARLAND, Justice:

Michael Lee Watling was found guilty of the possession of marijuana by a jury in the Superior Court of Maricopa County, Arizona. Prior to sentencing the court, Under Rule 346, Rules of Crim.Proced., 17 A.R.S., certified to this Court two questions:

1. Is a search warrant valid which is issued pursuant to the affidavit of a police officer stating that an unidentified informer has provided information of the presence of marijuana to another police officer who has in turn relayed the information to the affiant?

2. When a search warrant was issued pursuant to an affidavit which, on its face, was legally insufficient to establish probable cause and the issuing magistrate did not transcribe any additional testimony by the affiant police officer, may probable cause be established at a hearing for motion to suppress by the testimony of the officer alone, the magistrate being unavailable to testify?

The factual background, as presented by the court in the certification, stated:

On May 8, 1968, Dale Douglas, a police officer of the Tempe Police Department filed an Affidavit for Search Warrant in the Tempe Justice Court which averred:

" * * * Russ Baldwin, a campus police officer, has provided the affiant with information that Kimbrough Maier has in his possession at his home located at 934 East Spence, Tempe, Arizona, a usable amount of narcotics, marijuana, and dangerous drugs."

The affidavit further averred:

"* * * Det. Baldwin of campus police has received this information from a reliable source, which has furnished relia-

ble information on five past occasions. The informant came forth with this information of his own free will."

(At trial, the evidence tended to establish that the house in question was occupied by the defendant Watling.)

The only other information furnished was that part of the testimony of Officer Douglas, which related to the fact that the affiant did not personally know the informer, and that he knew nothing about the informer other than what the other police officer had told him; also that the magistrate (Honorable Ralph Fowler) had died a few days before the hearing on the motion to suppress, and thus the only testimony offered to establish probable cause was that of Douglas.

Our statutes set forth the conditions under which the search warrant may be issued as follows:

"§ 13-1443. Conditions precedent to issuance

"No search warrant shall be issued except on probable cause, supported by affidavit, naming or describing the person, and particularly describing the property and place to be searched.

"§ 13-1444. Examination on oath; depositions

"A. The magistrate shall, before issuing the warrant, examine on oath the complainant and witnesses the complainant produces, take their depositions in writing, and cause them to be subscribed by the parties making them.

"B. The depositions shall set forth the facts tending to establish the grounds of the application or probable cause for believing they exist."

Michael Lee Watling, hereinafter referred to as defendant, contends that, as to the first question, the information set forth in the affidavit was hearsay on hearsay, and for this reason he says it should be answered in the negative.

■ It has been well established that an affidavit for a search warrant may be based on information furnished by an in-

formant. Spinelli v. United States, 393 U. S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637; United States v. Ventresca, 380 U.S. 102, 85 S. Ct. 741, 13 L.Ed.2d 684; Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Rugendorf v. United States, 376 U.S. 528,.84 S.Ct. 825, 11 L.Ed.2d 887; State v. Kelly, 99 Ariz. 136, 407 P.2d 95; United States v. Thoresen, 281 F.Supp. 598 (N.D. Cal. 1967); Chin Kay v. United States, 311 F.2d 317 (1962, C.A.9 Cal.); United States v. McCormick, 309 F.2d 367 (1962, C.A.7 Ill.). The federal courts have followed this rule. This Court held in State v. Kelly, supra, that a magistrate might make a determination of probable cause on an affidavit based on information furnished by an informer.

The leading case, Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, expressly sanctions the use of hearsay as a basis for the issuance of a search warrant.

In Aguilar v. Texas, supra, the United States Supreme Court said that "an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant," so long as the magistrate is "informed of some of the underlying circumstances" supporting the affiant's conclusions and his belief that any informant involved "whose identity need not be disclosed * * * was 'credible' or his information 'reliable.'" [378 U.S. at 114, 84 S.Ct. at 1514]

The information furnished in the affidavit specifically shows that the affidavit of the police officer was upon information furnished by another officer "who had received this information from a reliable source which has furnished reliable information on 5 past occasions."

This Court has held that an officer may have reasonable grounds for believing that another has committed a crime based on official arrest reports, or solely from information obtained by one or more investigating officers. The same principle should govern an affidavit in regard to information placed in a search warrant. Erdman

v. Superior Court, 102 Ariz. 524, 433 P.2d 972.

Although the United States Supreme Court has not passed on the exact question now presented to us, in both United States v. Ventresca, supra, and Rugendorf v. United States, supra, part of the information upon which the affidavits were based to show probable cause justifying the issuance of a search warrant was hearsay-upon-hearsay information. In Rugendorf the affiant, an FBI agent, was given information from other FBI agents, who had in turn received their information from the informants. In Ventresca the affiant's source of information in part was based on the investigation of "full-time investigators." In both cases a substantial basis for crediting the hearsay was found in the rest of the affidavit. The Supreme Court held in each case that a sufficient showing of probable cause was made for the issuance of a search warrant.

In Rugendorf v. United States, supra, the Court said:

> "The affidavit also stated that another FBI Special Agent, J. J. Oitzinger, told the affiant that another confidential informant who had supplied the FBI with reliable information in the past advised Oitzinger that Frank Schweihs, Tony Panzica and Mike Condic were accomplished burglars who disposed of the proceeds of their burglaries through Leo Rugendorf.
>
> *     *     *     *     *     *
>
> "We believe that there was substantial basis for the Commissioner to conclude that stolen furs were probably in the petitioner's basement. No more is required. *  *  *"

A similar question was presented in the case of United States v. McCormick, supra. In that case the information furnished in regard to a series of acts involved agents of the FBI in several geographic points in the United States. The Court held:

> "*  *  * We refuse to hold that such information, when communicated in the course of official business by the agents

among themselves, is excluded by the hearsay rule, so as to require the quashing of a search warrant issued upon the affidavit of one of the agents setting forth his reliance upon such information. Our position is in harmony with the modern view as to the use of hearsay evidence to support the issuance of a search warrant, announced in Jones v. United States, 362 U.S. 257, 271, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960):

> " 'We conclude therefore that hearsay may be the basis for a warrant. We cannot say that there was so little basis for accepting the hearsay here that the Commissioner acted improperly. The Commissioner need not have been convinced of the presence of narcotics in the apartment. He might have found the affidavit insufficient and withheld his warrant. But there was substantial basis for him to conclude that narcotics were probably present in the apartment, and that is sufficient. * * *'

"Grabham's affidavit reveals that his information was such that he had a right to be positive that the QT machine was located in defendant's warehouse, as he swore.

"We are not now concerned with hearsay evidence offered on a trial of the issue of guilt. What we say is limited to the court's hearing on defendant's motion to suppress the evidence seized on the warrant."

In Chin Kay, supra, a 9th Circuit case, the United States Court of Appeals held that information obtained by one narcotics officer from another, who had used a hidden listening device planted on an informant to obtain evidence implicating the defendant in narcotics traffic, was admissible for the purpose of establishing probable cause for the issuance of a search warrant. The Court said, in Chin Kay:

> "* * * Probable cause exists where the facts and circumstances within the officer's knowledge, and of which he had reasonably trustworthy information are

sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed. * * *"

The question to be determined by magistrate under § 13–1443 and § 13–1444, A.R.S., is whether the affidavit, coupled with the testimony under oath of the "complainant and witnesses the complainant produces," is sufficient to show probable cause for believing that the grounds for the application exist.

In Jones v. United States, supra, the Court said:

> "We conclude therefore that hearsay may be the basis for a warrant. We cannot say that there was so little basis for accepting the hearsay here that the Commissioner acted improperly. The Commissioner need not have been convinced of the presence of narcotics in the apartment. He might have found the affidavit insufficient and withheld his warrant. But there was substantial basis for him to conclude that narcotics were probably present in the apartment, and that is sufficient. * * * Had that been all, it might not have been enough; but Didone swore to a basis for accepting the informant's story. The informant had previously given accurate information. His story was corroborated by other sources of information. And petitioner was known by the police to be a user of narcotics. Corroboration through other sources of information reduced the chances of a reckless or prevaricating tale; that petitioner was a known user of narcotics made the charge against him much less subject to scepticism than would be such a charge against one without such a history."

The United States Supreme Court, in Aguilar v. Texas, supra, after quoting from Jones v. United States, supra, in holding what was necessary to show probable cause, stated:

> "Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the

affiant, Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825 [11 L.Ed.2d 887], was 'credible' or his information 'reliable.' Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate,' as the Constitution requires, but instead, by a police officer 'engaged in the often competitive enterprise of ferreting out crime,' Giordenello v. United States, supra, 357 U.S. at 486, 78 S.Ct. at 1250 [2 L.Ed.2d 1503]; Johnson v. United States, supra, 333 U.S. at 14, 68 S.Ct. [367] at 369 [92 L.Ed. 436], or, as in this case, by an unidentified informant."

In the recent case of Spinelli, supra, the Supreme Court of the United States held that an affidavit must set forth the underlying circumstances necessary to enable the magistrate to judge independently on the validity of the informant's conclusion that the articles sought would be found in the place which he designated, and information as to why the affiant believed the information was credible or his information reliable.

■ Before a magistrate may issue a valid search warrant in the State of Arizona the information furnished by "the complainant and witnesses the complainant produces" must show probable cause as provided for in § 13–1443, A.R.S., supra. Where probable cause is based in whole or in part on information furnished by an informer, the information must show sufficient underlying facts or circumstances from which the informant concluded that the articles sought would be found in the place designated. The information must be sufficient to enable the magistrate to judge

independently on the validity of the informant's conclusion, and why the affiant believed the informant was credible or his information reliable.

■ While the basic information furnished this Court in the instant case shows why the officer considered the information reliable in that informant had furnished reliable information on five past occasions, it does not show the underlying circumstances from which the informant concluded that the articles sought would be found in the place designated to enable the magistrate to judge independently on the validity of the informant's conclusion.

Our answer to Question No. 1 is therefore in the affirmative, providing the information furnished the magistrate meets the above requirement.

Defendant contends the second question should be answered in the negative for the reason that the testimony was not transcribed, and the Justice of the Peace has since deceased, and could not testify as to the testimony presented. The defendant sets forth the following testimony which was not contained in the certification.

"MR. JOHNSON: May I ask a little indulgence from the Court? Do you recall when I had Your Honor * * *

"THE COURT: Listen, I am not going to testify about this thing. Everything is right there in black and white.

"MR. JOHNSON: * * *

"THE COURT: Those documents speak for themselves, right there. (Preliminary transcript, page 49)

"MR. JOHNSON: * * *

"THE COURT: That's it right there. Everything speaks for itself. He was sworn in. Just what it says there, and he was under oath. (Preliminary transcript, page 50)"

■ The court stated that the record was complete and spoke for itself; however, that record was not furnished this Court. The second question indicates that

the testimony was not transcribed. In State v. Sherrick, 98 Ariz. 46, 402 P.2d 1, we held that the information furnished the magistrate need not be wholly in the affidavit, but may be partly in the affidavit and partly by sworn testimony. Proof of the information furnished the magistrate may be by reporter's transcript, or by oral testimony. If it is by oral testimony it may be by any competent witness having knowledge of the facts who was present and need not include the magistrate.

The fact that the Justice of the Peace was not available to testify would not be grounds for suppressing the evidence. The officer who made the affidavit testified. The answer to Question No. 2 is in the affirmative.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and HAYS, JJ., concur.