458 P.2d 957

**STATE of Arizona, Appellee,**

**v.**

**Augustine TISNADO, Appellant.**

**No. 1881.**

Supreme Court of Arizona.

In Banc.

Sept. 22, 1969.

Gary Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., and Robert K. Corbin, Maricopa County Atty., by Larry V. Cronin, Asst. County Atty., for appellee.

Raineri, Raineri & Raineri, by Joseph C. Raineri, Phoenix, for appellant.

UDALL, Chief Justice.

Defendant, Augustine Tisnado, appeals from a conviction of illegal possession of narcotic drugs and marijuana, with prior convictions.

Late in the evening of December 26, 1966, State Narcotics Agent James Moody received a call from a confidential informant, Anthony Audia, to the effect that the defendant had called Audia from the airport telling him that he was in possession of narcotics and that he wanted Audia to pick him up. The informant then proceeded to the airport to pick up the defendant, after which they went together to a number of stores where they purchased match boxes, tobacco in cans, and other items with which to prepare the narcotics for sale and distribution. They then proceeded to defendant's apartment where they began to clean the marijuana and package it for sale.

At this time Officer Moody and three other State Narcotics agents arrived at defendant's apartment and moved in to execute a search warrant which they had previously obtained. Upon entering the apartment, the officers found defendant in the bedroom. Laid out on the bed was a large amount of marijuana and various packing paraphernalia. A total of 306 grams of marijuana was found in the house. Found outside of the defendant's apartment was a toy box which contained a total of 863 grams of marijuana. A search of the person of the defendant revealed a package containing 5.41 grams of heroin. Defendant's pre-trial motion to compel disclosure of the identity of the confidential informant was denied; however, defendant, unaware that Audia was the informant, called him as a defense

witness and it became apparent during his testimony that he was the informant.

First, defendant asserts as reversible error the trial court's refusal to grant his pre-trial motion to compel the identity of the confidential informant. In passing upon the merits of the question here raised we do not wish to imply that under our prior decisions the defendant has a right to discover the State's evidence in advance of trial.

In making this assignment of error the defendant fails to recognize that the chief purpose of the privilege of non-disclosure of a confidential informant is the furtherance and protection of the public interest in effective law enforcement.

The leading case that discusses the privilege of non-disclosure of a confidential informant is Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639. See also, State v. Kelly, 99 Ariz. 136, 407 P.2d 95. In Roviaro it is stated in substance that the privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity encourages them to perform that obligation. The court further stated that no fixed rule with respect to disclosure is justifiable; that the problem is one that calls for balancing the public interest in protecting the flow of information, against the individual's right to prepare his defense. Whether a proper balance renders non-disclosure erroneous must depend upon the particular circumstances of each case, taking into consideration the crime charged, the possible significance of the informer's testimony and other relevant factors.

In order to determine whether fairness to defendant dictates the disclosure of the informant's identity, one must ask: What purpose would be served by the disclosure? Defendant argues that since Audia was an eye witness to the crime charged, and in fact a participant himself, his disclosure as the informant was essen-

tial to his defense. We cannot agree. This is not a case where an eye witness is made unavailable to the defendant because the state refuses to disclose his identity. Audia was well known to defendant; was interviewed by defendant's counsel; and even appeared as a defense witness. Defendant was not prejudiced in the preparation of his defense by the fact that he was unaware that Audia had betrayed him to the State Narcotics agents. We therefore can find no useful purpose that would have been served by having the state disclose the fact that it was Audia himself who was the informant.

Second, defendant claims as error the admission of certain evidence tending to show that he had possessed and sold narcotics on several occasions prior to the day on which he was charged with possession of narcotics. This evidence tends to prove crimes other than the ones charged in the information.

As a general rule, evidence of separate and distinct crimes is inadmissible. The rule and its exceptions are set out in Dorsey v. State, 25 Ariz. 139, 213 P. 1011. One such exception applies where the criminal intent of the defendant is in issue; or where his knowledge of the narcotic nature of the material which he possesses is in issue. In such a case, evidence of his commission of other like offenses may be received to prove that his acts were not innocent or mistaken, but constituted an intentional violation of the law.

Defendant's knowledge and intent are put in issue by his own testimony. He contends that unknown to him and against his will, Audia brought the narcotics into his apartment, and also that the reason heroin was found in his pocket was because he was in the process of removing it from the premises.

We ruled on a similar situation in State v. Vallejos, 89 Ariz. 76, 358 P.2d 178. There the defendant was charged with possession and sale of marijuana. He did not deny the acts charged but instead claimed entrapment on the part of the undercover agents to whom he had sold the marijuana. We held that evidence of other similar offenses committed by defendant was admissible to rebut his contention that it was the criminal intent of the agents and not any criminal intent on his part that was the procuring cause in the commission of the crimes charged.

Similarly in the case before us, defendant conceded the presence of marijuana in his apartment and of heroin on his person; but contends an absence of criminal intent on his part by testifying that it was Audia who had brought in the narcotics and that he took possession of the heroin for the sole purpose of removing it from his apartment. We feel that the Vallejos case is controlling and therefore hold that the evidence was properly admitted to rebut defendant's contention by showing that he not only had knowledge of the nature of the narcotics found in his apartment but that he also intended to have those narcotics there in violation of the statute.

Defendant's final contention is that the last sentence of the following statement by the trial judge amounts to a comment upon the evidence:

> "Ladies and gentlemen, at this time, the Court is going to strike from the record the testimony of Tony Audia, a moment ago, when he retook the witness chair for the second time, relative to the sale of narcotics to third parties. You will disregard all such testimony. The remainder of his testimony, may stand and you may consider it in your deliberations."

This contention is without sufficient merit to warrant further discussion in this opinion. It is obvious the trial judge was merely making it clear that only that particular portion of Audia's testimony was to be disregarded.

Judgment affirmed.

LOCKWOOD, V. C. J., and STRUCKMEYER, McFARLAND, and HAYS, JJ., concur.