459 P.2d 121

The **STATE** of Arizona, Appellee,

v.

Noel Glen **JAMES**, John James Immerman
and Eric Wendell Anderson,
Appellants.

No. 1 CA–CR 203.

Court of Appeals of Arizona, Division 1.
Department A.

Sept. 29, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Kramer, Roche, Burch, Streich & Cracchiolo, by B. Michael Dann, Phoenix, for appellants James and Anderson.

Lewis, Roca, Beauchamp & Linton, by Levi J. Smith, Phoenix, for appellant Immerman.

CAMERON, Judge.

This is an appeal from a judgment of guilty as to all three defendants of the crime of possession of marijuana in violation of § 36–1002.05 A.R.S., as amended 1961.

We are called upon to determine:

1. Was there probable cause to issue the search warrant?

2. Was the affidavit "positive" as required by statute for service in the nighttime?

3. Was the warrant good as to Noel James?

4. Did the trial court commit error in refusing to allow the defendants to

cross-examine witnesses to determine which one was the confidential informant?

5. Was the court in error in the manner of the sentencing?

The facts necessary for a determination of the appeal are as follows. On 29 November 1967, Ralph Robinson, a State narcotic's agent, appeared in the Justice Court of Tempe, Arizona, and filed an affidavit for a search warrant which stated in part:

"The undersigned being first duly sworn deposes and says: That he is *positive* that on the person of) (on the premises known as) *John Immerman, Eric Anderson, Noel,* 809 W. 1st St. Apt. C in the City of Tempe, County of Maricopa, State of Arizona, there is now being concealed certain property, namely Marijuana the possession of which property is a felony; is being used as the means of committing a felony and which property is possessed with the intention of using it as the means of committing the crime of Illegal Possession of Marijuana.

"And that the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows: A confidential reliable informant, who has proven very reliable in the past and is familiar with marijuana, says that above named persons do have in their possession at this time a quantity of marijuana in their residence, 809 W. 1st St., Apt. C Tempe. This informant did see the marijuana in the Apt. within the past two days. The identity of the informant cannot be revealed for fear of his personal safety." (emphasis ours)

The testimony indicates that after being sworn, the agent discussed with the Justice of the Peace matters contained in the affidavit. A warrant was issued for service in the nighttime. At the trial the agent testified, but the Justice of the Peace had died prior to the hearing and it was stipulated that the Justice of the Peace would have made the following statement:

"I do not specifically recall signing search warrant No. 39689 on November 29, 1967. I do not specifically recall meeting with or speaking with Ralph Robinson, a narcotic agent for the State of Arizona, on November 29, 1967.

"It is my practice that when a person wishes to obtain a search warrant from my court to place the person under oath. When under oath, the person seeking the search warrant, then repeats to me the information which is stated on the face of the affidavit for search warrant. It has been my experience that affiants who are requesting search warrants do not give me information beyond that which is stated on the affidavit for the search warrant."

The apartment was searched that evening, marijuana was found, and the three defendants were charged. When the officers entered the apartment the three defendants were present along with a fourth person who was not arrested. A preliminary hearing was held in the Justice Court, and trial was held in the Superior Court on the reporter's transcript of the Justice Court hearing together with additional testimony in support of motions made by the defendants.

Two of the defendants were given probation and imposition of sentence for the misdemeanors was suspended. The third defendant (Immerman) was given probation and imposition of a three-year sentence for a felony was suspended.

## WAS THE SEARCH WARRANT PROPERLY ISSUED?

The United States Supreme Court held in Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963), that in determining the presence of probable cause upon which to base the issuance of a search warrant, the Fourth Amendment's proscriptions are applied to the States through the Fourteenth Amendment.

In Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the

United States Supreme Court considered an affidavit which stated in part:

> " 'Affiants have received reliable information from a credible person and do believe that heroin, marijuana, barbiturates and other narcotics and narcotic paraphernalia are being kept at the above described premises for the purpose of sale and use contrary to the provisions of the law'." Aguilar v. Texas, 378 U.S. at 109, 84 S.Ct. at 1511.

The United States Supreme Court in ruling this inadequate stated:

> "Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, 78 A.L.R. 2d 233, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887, was 'credible' or his information 'reliable'. * * *" Aguilar v. Texas, 378 U.S. at 114, 84 S.Ct. at 1514.

Also, the United States Supreme Court has recently stated:

> " * * * In holding as we have done, we do not retreat from the established propositions that only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause, Beck v. Ohio, 379 U.S. 89, 96, 85 S.Ct. 223, 13 L.Ed.2d 142, 147 (1964); that affidavits of probable cause are tested by much less rigorous standards than those governing the admissibility of evidence at trial, McCray v. Illinois, 386 U.S. 300, 311, 87 S.Ct. 1056, 18 L.Ed.2d 62, 70, (1967); that in judging probable cause issuing magistrates are not to be confined by niggardly limitations or by restrictions "on the use of their common sense, United States v. Ventresca, 380 U.S. 102,

108, 85 S.Ct. 741, 13 L.Ed.2d 684, 688 (1965); and that their determination of probable cause should be paid great deference by reviewing courts, Jones v. United States, 362 U.S. 257, 270–271, 80 S.Ct. 725, 4 L.Ed.2d 697, 707, 708, 78 A.L.R.2d 233 (1960). * * *" Spinelli v. United States, 393 U.S. 410, 419, 89 S.Ct. 584, 590, 21 L.Ed.2d 637, 645 (1969).

And the concurring opinion of Mr. Justice White:

> "If the affidavit rests on hearsay—an informant's report—what is necessary under Aguilar is one of two things: the informant must declare either (1) that he has himself seen or perceived the fact or facts asserted; or (2) that his information is hearsay, but there is good reason for believing it—perhaps one of the usual grounds for crediting hearsay information. The first presents few problems: since the report, although hearsay, purports to be firsthand observation, remaining doubt centers on the honesty of the informant, and that worry is dissipated by the officer's previous experience with the informant. * * *" Spinelli v. United States, 393 U.S. at 425, 89 S.Ct. at 593.

In the instant case the agent stated that the informer was reliable, having been proven "very reliable in the past" and "familiar with marijuana" and that the informant "did see the marijuana in the apartment within the past two days." We feel and therefore hold that the warrant was based upon probable cause and measured up to the federal standards imposed upon the States by the decisions of the United States Supreme Court.

## WAS THE AFFIDAVIT "POSITIVE"?

Petitioner contends further that the warrant should not have been served during the nighttime. Our statute reads:

> "§ 13–1447. Time of service, exception.
>
> "The magistrate shall insert a direction in the warrant that it be served in the daytime, unless the affidavits are positive that the property is on the person of

the party, or in the place to be searched, in which case he may insert a direction that the warrant be served at any time of the day or night."

The federal exclusionary rule as applied to the State courts does not prohibit the various States from applying additional or stricter standards for the issuance of search warrants. Although we have ruled that the affidavit shows probable cause under federal standards, it does not mean that the State requirement of positiveness for a nighttime search has been met.

We believe the legislature by enacting the statute intended that while a daytime warrant could be issued on the basis of probable cause, something more must be shown before a warrant may be served at night. In a fact situation wherein the court approved the service of a warrant at night, our Supreme Court has stated.

" * * * The affidavit is positive and definite in that it states the informant had 'recently' seen defendant in possession of narcotics at both the East Sheridan address and in the Fiat automobile. * * *." State v. Kelly, 99 Ariz. 136, 141, 407 P.2d 95 (1965). See also State v. Sherrick, 98 Ariz. 46, 402 P.2d 1 (1965), cert. den. 384 U.S. 1022, 86 S.Ct. 1938, 16 L.Ed.2d 1024 (1966), 73 A.L.R. 2d 769 s.

Defendants point out that, in the instant case, the officer admitted that he was not "positive" even though the affidavit so stated. We do not feel that the subjective thoughts of the officer are controlling. The statute (§ 13–1447 A.R.S.) does not require the officer to be "positive" though he may well be and so state. The statute requires that the facts as stated in the affidavit are such that the court can be "positive" that the property is at the place to be searched and that a nighttime search is indicated. Although not bound by the federal courts in this matter, we agree with the statement of the 5th Circuit:

"It is wholly immaterial that LaPerch did not use the word 'positive' in his af-

fidavit. Even had he done so, the validity of the warrant would depend on whether the facts stated in the affidavit were so definite and explicit that there could be little or no doubt that the property was on the premises. * * *." United States v. West, 328 F.2d 16, 18 (2 Cir. 1964).

In the instant case, we believe the facts stated in the affidavit were sufficient to allow the Justice of the Peace to be positive that narcotics were in the apartment and to justify the authorization of a nighttime search as provided by statute.

## IS THE WARRANT GOOD AS TO NOEL JAMES?

Although not raised by counsel, we are required to review the record in a criminal case for fundamental error, § 13–1715 A.R.S., and it is noted that the affidavit contained the name "Noel" and the warrant was issued only with the name "Noel". The agent testified as follows:

"Q When was the name James added to the search warrant, before you searched or after?

"A Before the search but after the search warrant was issued by the magistrate.

\* \* \* \* \* \*

"Q You altered the search warrant after it was issued by the magistrate?

"A Yes. I altered the search warrant. I discovered the mistake. Judge Fowler had already left his office and gone home."

Although the warrant may have been sufficient to identify the defendant under the name of "Noel" alone, we cannot condone the alteration of a search warrant over a magistrate's signature, and as to Noel Glen James the warrant was not effective.

## MUST THE INFORMANT BE REVEALED?

It is proper to protect the names of a confidential reliable informant. McCray v.

Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967), 14 A.L.R.2d 605 s, 76 A.L.R.3d 262 s, 10 A.L.R.3d 359 s. This is necessary in order to protect the lives of the people upon whom law enforcement must rely for a great deal of information particularly in narcotics and marijuana cases. It does not follow, however, that the identity of the reliable informant may be concealed when he is also a material witness:

> " * * * [T]he problem is one that calls for balancing the public interest in protecting the flow of information, against the individual's right to prepare his defense. * * *." State v. Tisnado, 105 Ariz. 23, 24, 458 P.2d 957 (1969), filed 22 September 1969.

■ In Rivera v. Superior Court, 6 Ariz. App. 117, 430 P.2d 696 (1967), we held that the identity of the informant could not be concealed from the defendant and his attorney where the informant was also a material witness. The same reasoning follows in the instant case. The confidential police informant was evidently present when the police entered and searched the apartment. The defendants were charged with the possession as of that time and the confidential informant was also a material witness to that crime. The trial court ruled that the defendants could not cross-examine the witness on this point although the name of the witness was available to the defendants. When the question is probable cause to issue the warrant, the informant's identity may be concealed, but when the question is innocence or guilt we believe that it is proper cross-examination by the defendant, for impeachment purposes, to ask the witness if he was the confidential police informant.

WERE THE SENTENCINGS PROPER?

Defendant Immerman urges on appeal that the trial judge erred in taking into consideration other facts in adjudging him guilty of a felony while the other two defendants were adjudged guilty of misdemeanors. The period of probation is within the limits provided by the statute (§ 36–1002.05, subsec. A, A.R.S., as amended 1961) and we have not been persuaded that the judgment of guilty to a felony should be reduced on appeal as provided by § 13–1717 A.R.S. State v. Wilson, 7 Ariz. App. 384, 439 P.2d 831 (1968), State v. White, 102 Ariz. 162, 426 P.2d 796 (1967), 28 A.L.R.2d 1115 s.

As to defendants Immerman and Anderson, the matter is reversed and remanded with directions that the witnesses may be questioned as to whether or not one of them was the confidential informant in this case. If the County Attorney does not wish to have this information provided he may then dismiss the charges.

As to the defendant Noel Glen James, the warrant being defective, the matter is reversed and it is directed that the motion to suppress be granted.

DONOFRIO, P. J., and STEVENS, J., concur.