464 P.2d 344

STATE of Arizona, Appellee,

v.

George GREENLEAF, Appellant.

No. I CA–CR 192.

Court of Appeals of Arizona.

Division 1.

Jan. 27, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Sp. Asst. Atty. Gen., Phoenix, for appellee.

Skousen, McLaws & Skousen, by Richard E. Skousen, Mesa, for appellant.

STEVENS, Judge.

The issue before us is the validity of a search warrant.

A search warrant was issued by a Justice of the Peace. The warrant specified certain stereos and tapes. It named Greenleaf, the appellant herein, and Wilson. The search for the items specified in the search warrant was not successful. After the officers entered the premises of the defendants under the authority of the search warrant, they found marijuana in plain sight. They seized the marijuana. Greenleaf and Wilson were both charged with the offense of illegal possession of marijuana and were found guilty. Only Greenleaf appeals.

Greenleaf urges several matters as error. One of the matters urged is the ruling of the trial court denying the motion to suppress the marijuana which was seized at the time of the execution of the search warrant. Greenleaf urges that the showing of probable cause presented to the Justice of the Peace prior to the issuance of the search warrant was not adequate. In view of our ruling upon this issue we do not consider the other issues which have been urged.

Two police officers appeared before the Justice of the Peace with a prepared form of affidavit in support of their request for a search warrant. Before the Justice of the Peace administered the oath to one of the officers, and only one of the officers was sworn, the Justice of the Peace asked a few questions. Both of the officers made some statements. Thereafter the affidavit was sworn to by one of the officers and the search warrant was issued.

At the hearing on the motion to suppress, the Justice of the Peace and the officers who obtained the search warrant testified that prior to the time the officers were sworn, and the warrant issued, the officers supplemented the written affidavit with oral information. No record was made as to this additional information.

During the hearing on the motion to suppress, one of the officers testified as to matters which were not presented to the Justice of the Peace.

■ In our opinion, neither the unsworn oral information given to supplement the written affidavit nor the matters testified to at the Superior Court hearing on the motion to suppress which were not before the magistrate can be considered by this Court in determining whether the Justice of the Peace had probable cause to issue the search warrant in question. Only *sworn* testimony in addition to the affidavit can be appropriately considered by the magistrate prior to the issuance of a search warrant. A.R.S. § 13–1444 and State v. Watling, 104 Ariz. 354, 453 P.2d 500 (1969).

■ In determining whether the affidavit alone establishes probable cause for which a search warrant would issue, we are of the opinion that we need not quote it in *haec verba*. The affidavit states that there had been a burglary. It does not state where the burglary took place, either by way of an address, or by giving the name of the business establishment. It fails to

state that stereos where taken during the burglary. It further lists certain Muntz stereos by serial number. The affidavit fails to disclose how the serial numbers were ascertained. Lastly, it states that an employee of the Muntz Stereo Company had been in the dwelling of the defendants and had seen stereos similar to the stereos listed in the affidavit. Inasmuch as the employee preferred to remain anonymous at the time the officers sought the warrant, he was a confidential informant. The affidivit does not state that the informant supplied the officers seeking the warrant with the brand name or the serial numbers of the stereos listed in the affidavit.

We conclude that the affidavit, standing alone, does not contain sufficient information from which a magistrate could make a judicial determination of probable cause. Unsupported inferences may not be drawn from such meager facts by the magistrate so as to enable him to perform his neutral and detached judicial function. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723 (1964) and State v. Scott, 11 Ariz. App. 68, 461 P.2d 712 (1969).

In our opinion had the officers testified under oath before the issuance of the search warrant in the same manner that they testified at the Superior Court hearing on the motion to suppress, there would have been an adequate presentation upon which the Justice of the Peace could have made a judicial determination of the presence of probable cause.

The search warrant was improperly issued. Under these circumstances the "search warrant" was not sufficient to permit the officers to secure a proper entry into the building of the defendants. We hold that the motion to suppress should have been granted.

This cause is reversed.

DONOFRIO, P. J., and CAMERON, J., concur.