468 P.2d 593

The STATE of Arizona, Appellee,

v.

James Ernest SNYDER and Stephanie Rose Snyder, Appellants.

No. 1 CA–CR 235.

Court of Appeals of Arizona, Division 1.

May 5, 1970.

Rehearing Denied May 29, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Streich, Lang, Weeks, Cardon & French, by B. Michael Dann, Phoenix, for appellants.

HOWARD, Chief Judge.

A criminal complaint alleging illegal possession of marijuana in violation of A.R.S. § 36–1002.02 was filed against appellants in Tempe Justice Court. Following a preliminary hearing the appellants were bound over to the Superior Court for trial. They entered not guilty pleas to an information alleging the same offense. Prior to trial, appellants filed a joint motion to suppress as evidence the alleged marijuana found by the officers in the search of their Tempe apartment, contending that the search and seizure was illegal. After a hearing, the trial court denied the motion. Appellants waived their right to a jury trial and agreed to submit the issue of their guilt or innocence to the trial judge on the basis of the transcript of evidence introduced at the preliminary hearing, subject to the objections made therein by counsel and subject to appellants' motion to suppress. Appellants also moved the trial court for the disclosure of the identity of the informant relied upon by the police

officer in his affidavit for a search warrant.

Appellants were found guilty of illegal possession of marijuana, a misdemeanor, and were placed on probation for eighteen months.

The appellants present three questions for review: (1) Were the requirements of the Fourth Amendment satisfied by the circumstances surrounding the issuance of the search warrant? (2) Did the affidavit for search warrant and the evidence in support thereof meet the "positiveness" requirement for a nighttime search in Arizona? (3) Was it error for the trial court to refuse to require the State to disclose the identity of the informer?

## THE SEARCH WARRANT

Appellants contend that the affidavit supporting a search warrant does not comply with the requirements of Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). In particular, the appellants allege that there is no showing in the affidavit of probable cause upon which the magistrate could base the issuance of the warrant. In State v. Ramos, 11 Ariz. App. 196, 463 P.2d 91 (1969), we said:

"The United States Supreme Court has laid down a two-pronged test for evaluating whether or not probable cause exists to issue a warrant. Aguilar, supra; Spinelli, supra; McCreary v. Sigler, 406 F.2d 1264 (8th Cir.1969); State v. Scott, 11 Ariz.App. 68, 461 P.2d 712 (Filed December 2, 1969). The magistrate must be presented with (1) facts showing the information is reliable and (2) the underlying circumstances on which the substance of the 'tip' is made. And, as further clarified in Spinelli, supra, the magistrate must generally assure himself that the information is not merely based upon casual rumor or the individual's general reputation."

The pertinent parts of the affidavit in question are as follows:

"Sgt. Dale Douglas, being first duly sworn, upon oath, deposes and says:

1. That affiant is a member of the Tempe Police Department, City of Tempe, Maricopa County, Arizona.

2. That on or about the 1 day of Marsh [sic], 1968, in the city of Tempe, County of Maricopa, State of Arizona, the crime of Unlawful possession of narcotic drugs was committed by Stephanie Rose, 409 W. 6th St., (rear), Tempe, Arizona in the manner following, to wit: A reliable informant has provided the affiant with information that, Stephanie Rose has in her possession at her home, located at 409½ W. 6th St., Tempe, Ariz., usable amount [sic] of narcotic drugs, to wit, marijuana.

3. That affiant has, and there is just, probable and reasonable cause to believe, and he does believe, that there are now in the possession of _____, and in and upon the premises and building known and designated as 409¼ [sic] W 6th St., (rear), Tempe, Ariz. in the said County of Maricopa, State of Arizona, including all rooms and buildings used in connection with said premises and buildings, and adjoining the same, and in a motor vehicle or trailer described as XXX certain articles, items and property: A usable amount of narcotic drugs (marijuana) AKA Hashish

4. That said articles and property are described particularly as follows, to wit: (Hashish) marijuana.

5. That the following facts establish the existence of grounds for the issuance of a search warrant for the search of the persons, premises and buildings, and motor vehicles or trailer· described in paragraph three (3) herein, and further, establish probable cause for believing that said grounds exist: This informant is known to have been reliable in the past on six occasions and has personal knowledge that this crime is being committed by Stephanie Rose.

Said information having been obtained by the informants on or about March 1, 1968 or within the past 3 days."

In addition to what is contained in the affidavit, Officer Douglas testified that he was put under oath by Justice of the Peace Fowler, the person who issued the warrant, and that under oath he had informed the justice of the peace that the informant had told him that he had personally seen the marijuana in the apartment in question. He further testified that he had told the justice of the peace that he had been working with this particular informer for some time, that all the information up to that point that the informer had given him had been correct, and that it had resulted in the arrest of numerous other persons and the issuance of other search warrants.

■ It is the contention of the appellants that the sworn testimony given to the justice of the peace cannot be the basis for a search warrant unless it is reduced to writing. The law in the State of Arizona is to the contrary. Sworn testimony in addition to the affidavit can be appropriately considered by the magistrate prior to the issuance of a search warrant. State v. Watling, 104 Ariz. 354, 453 P.2d 500 (1969); State v. Van Meter, 7 Ariz.App. 422, 440 P.2d 58 (1968); State v. Greenleaf, 11 Ariz.App. 273, 464 P.2d 344, (filed January 27, 1970).

■ Appellants contend that even if the oral testimony can be used to supplement the affidavit that it is still insufficient. We disagree. The affidavit together with the oral testimony show that the informant actually saw the narcotics. This together with the fact that the informant had given information several times in the past which proved correct and led to several arrests is sufficient to meet the standards of *Aguilar* and *Spinelli*, State v. Ramos, supra.

■ The search warrant in this case authorized a day or nighttime search and the search in fact did take place in the nighttime. A.R.S. § 13-1447 provides:

"The magistrate shall insert a direction in the warrant that it be served in the day time, unless the affidavits are positive that the property is on the person of the party, or in the place to be search-

ed, in which case he may insert a direction that the warrant be served at any time of the day or night."

Appellants contend that the affidavit for the search warrant given to Justice of the Peace Fowler by Officer Douglas speaks only in terms of "just, probable and reasonable cause to believe," etc., and that nowhere does the affidavit state that the officer is positive that the property is in the place to be searched. The appellants' contention is without merit. A.R.S. § 13-1447 does not require the officer to be "positive." The statute merely requires that the facts as stated in the affidavit are such that the court can be "positive" that the property is at the place to be searched and that a nighttime search is indicated. State v. James, 10 Ariz.App. 394, 459 P.2d 121 (1969). It is immaterial that the officer does not use the word "positive" in his affidavit. Even if he had done so the validity of the warrant would depend upon whether the facts stated in the affidavit were so definite and explicit that there could be little or no doubt that the property was on the premises. State v. James, supra. We believe that the rationale of the *Watling, Greenleaf* and *Van Meter* cases are applicable to the question of positiveness and that the oral testimony before the justice of the peace can be considered in order to determine whether or not the positiveness test should be met. The affidavit and the oral testimony indicate that the informer saw defendant Stephanie Rose in possession of the narcotics at the address stated in the affidavit on March 1, 1968, the date that the search warrant was executed. An affidavit is positive and definite if it states that the informant has "recently" seen the defendant in possession of the narcotics in the place where the search is to occur. State v. James, supra.

## DISCLOSURE OF IDENTITY
## OF INFORMANT

■ Appellants contend that the court erred in failing to disclose the identity of the informer so that it could test whether or not the magistrate had probable cause to

issue the search warrant. In Rivera v. Superior Court, In and For Maricopa County, 6 Ariz.App. 117, 430 P.2d 696 (1967), we held that the identity of the informant could not be concealed from the defendant and his attorney where the informant was also a material witness. There is no allegation now nor was there at any time by the appellants in this case that the informant was or could have been a material witness. When the question is probable cause to issue the warrant, the informant's identity may be concealed. State v. James, supra.

The judgment is affirmed.

KRUCKER and HATHAWAY, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.