475 P.2d 236

The STATE of Arizona, Appellee,

v.

Wiley DeWayne GODWIN, Appellant.

No. 2002.

Supreme Court of Arizona,
In Banc.

Oct. 15, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Arthur W. Vance, Jr., Yuma, for appellant.

HAYS, Justice.

Appellant, Wiley DeWayne Godwin, was convicted of the unlawful furnishing of marijuana in violation of A.R.S. § 36–1002.-07. The sole issue here is whether the trial court erred in denying appellant's motion to require the prosecution to disclose the name of an informer who was alleged to have been present at the time the crime was alleged to have been committed.

The State's case consisted of the testimony of two witnesses: A narcotics agent named Brown who testified that appellant furnished him with marijuana and the chemist who identified the material in question as marijuana. Brown testified that he, the appellant, and an unidentified informer were seated in a car when appellant handed Brown a lighted marijuana cigarette. On cross-examination Brown refused to give the name of this informer who was allegedly present when appellant was alleged to have committed the crime. Appellant then made a motion to the court seeking an order requiring Brown to name the informer. The court denied the motion.

In Rivera v. Superior Court, 6 Ariz.App. 117, 430 P.2d 696 (1967) it was held that the State's privilege to protect the identity of a confidential informant can be destroyed where the State places " * * * its confidential informant in a position of being a material witness to the crime charged." 430 P.2d at 698. *Rivera* was followed in State v. James, 10 Ariz.App. 394, 459 P.2d 121 (1969) where the court said:

"It is proper to protect the names of a confidential reliable informant. McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967), 14 A.L.R.2d 605 s, 76 A.L.R.3d 262 s, 10 A.L.R.3d 359 s. This is necessary in order to protect the lives of the people upon whom law enforcement must rely for a great deal of information particularly in narcotics and marijuana cases. *It does not follow, however, that the identity of the reliable informant may be concealed when he is also a material witness:*

'[T]he problem is one that calls for balancing the public interest in protecting the flow of information, against the individual's right to prepare his defense. * * *' State v. Tisnado, 105 Ariz. 23, 24, 458 P.2d 957 (1969) * * *." (Emphasis supplied). 459 P.2d at 124–125.

Recently, the holding of *Rivera* was again reaffirmed in State v. Snyder, 12 Ariz.App. 142, 468 P.2d 593 (1970) where it was held that " * * * the identity of the informant could not be concealed from the defendant and his attorney where the informant was also a material witness." 468 P.2d at p. 596. See also: State v. Kelly, 99 Ariz. 136, 407 P.2d 95 (1965). This Court is in accord with the position taken by the Court of Appeals on this issue. We quote with approval the following statement of the law from People v. Garcia, 67 Cal.2d 830, 64 Cal.Rptr. 110, 434 P.2d 366 (1967):

*"When it appears from the evidence, however, that the informer is also a material witness on the issue of guilt, his identity is relevant and may be helpful to the defendant. Nondisclosure would deprive him of a fair trial. Thus, when it appears from the evidence that the informer is a material witness on the issue of guilt and the accused seeks disclosure on cross-examination, the People must either disclose his identity or incur a dismissal."* (Original Italics) 434 P.2d at 370.

See also: Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623 (1957); Honore v. Superior Court of Alameda County, 70 Cal. 2d 162, 74 Cal.Rptr. 233, 449 P.2d 169 (1969); People v. McShann, 50 Cal.2d 802, 330 P.2d 33 (1958).

It is clear from the record in the instant case that the unidentified informer was a material witness. The State's own testimony places him at the scene of the alleged crime during the time it was committed. Consequently, his testimony may be helpful to the appellant who denies the commission of the crime. We hold, therefore, that the trial court erred in refusing to order the State to provide the name of the unidenti-

fied informer allegedly present when the crime was alleged to have been committed.

Judgment of the lower court is reversed and this cause is remanded for proceedings not inconsistent with this opinion.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.