475 P.2d 725

**The STATE of Arizona, Appellee,**

v.

**David Ross CASTRO, Appellant.**

**No. I CA–CR 273.**

Court of Appeals of Arizona,
Division 1.

Oct. 26, 1970.

Rehearing Denied Dec. 3, 1970.

Review Denied Jan. 19, 1971.

Knez & Glatz, Tucson, Gerald F. Sullivan, Phoenix, by Richard D. Crites, Tucson, for appellant.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

HOWARD, Chief Judge.

This is an appeal by defendant, David Ross Castro, from a conviction of possession of marijuana, for sale in violation of A.R.S. § 36–1002.06. The jury returned a verdict of guilty to the charge of September 10, 1969, in the Superior Court of Maricopa County, Honorable William H. Gooding presiding. Defendant received a three year suspended sentence and was placed on probation for three years.

Defendant appeals from the judgment of guilty, the crime of possession for sale, and the denial of a motion for a new trial.

The facts of this case are that on November 17, 1968, Jesse D. Stokes, a City of Phoenix police officer, appeared before a Maricopa County Justice of the Peace and applied for a search warrant to search defendant's apartment. In pursuit of this application Officer Stokes filed an affidavit, under oath, that a reliable, past

proven informant had given him some information. He claimed this information had stated that the informant observed defendant in possession of marijuana. The informant allegedly stated he had observed defendant in possession of marijuana on his person, in his automobile, a blue 1960 Valiant, and in his residence at 2509 Dayton, Phoenix, which residence appeared to be a green and white two-story house.

The search warrant was issued on November 17, 1968. On the evening of November 17th Officer Stokes and several other police officers went to the residence of defendant. Defendant allowed the officers to enter whereupon they discovered marijuana and paraphernalia allegedly used in the preparation of marijuana for sale.

Defendant was subsequently charged and convicted of the violation of A.R.S. § 36-1002.06 which prohibits the possession of marijuana for sale. After the trial had begun a hearing was had on defendant's motion to suppress the property seized at his residence. The motion was denied.

Defendant asserts that he was denied due process of law as guaranteed under the Arizona and United States Constitutions by the failure of the trial judge to require the disclosure of the identity of the alleged informer.

The basis of defendant's contention is twofold: (1) He feels he has challenged the very existence of an informer and (2) if there is an informer he feels he needs his presence in court as a material witness.

Defendant produced affidavits from the people he had had contact with during the time in which the informant had allegedly observed the marijuana. These affidavits were statements that these people had not informed on defendant.

█ The law in the area of searches and seizures is clear. An affidavit for a search warrant can be based on information furnished by an informant. State v. Watling, 104 Ariz. 354, 453 P.2d 500 (1969). In order to evaluate the constitutionality of the issuance of a search warrant the magistrate must be presented with: (1) The facts showing the informant is reliable and (2) the underlying circumstances on which the substance of the "tip" is made. State v. Ramos, 11 Ariz. App. 196, 463 P.2d 91 (1970); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

█ Officer Stokes approached the Justice of the Peace and stated in a sworn affidavit that an informant had given the affiant information. He also stated that this informant had furnished information in the past which had led to twelve arrests. Officer Stokes then specifically described the places where the marijuana had been seen and that the purportedly reliable informant had seen it. This information supplied to the Justice of the Peace satisfies the requirements set out by the U. S. Supreme Court in *Aguilar*, supra, and *Spinelli*, supra.

Defendant wishes to subpoena the informant as a material witness. Defendant cites the cases of Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) and the recent California Supreme Court case of Price v. Superior Court, 1 Cal.3d 836, 83 Cal.Rptr. 369, 463 P.2d 721 (1970) to support his contention that he has a right to the disclosure of the informer.

█ It is proper to protect the name of a confidential reliable informant. State v. James, 10 Ariz.App. 394, 459 P.2d 121 (1969); McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). Where, however, the disclosure of an informant's identity is relevant and helpful to the defense of an accused or is essential to a fair determination of a cause, the privilege must give way. State v. Godwin, 106 Ariz. 252, 475 P.2d 236 (filed October 15, 1970); Rivera v. Superior Court, 6 Ariz.App. 117, 430 P.2d 696 (1967); Roviaro v. United States, supra; State v. James, supra.

■ The question then revolves around what the defendant has to prove in order to compel disclosure. The California court in Price v. Superior Court, supra, recognized the very nature of the problem confronting the defendant makes it impossible for him to state *facts* which would show the materiality of the informant's testimony since the defendant does not know the identity of the informant. He cannot, therefore, possibly state factually what the informant will say if he is required to testify. The defendant then need not prove that the informer would give testimony favorable to the defense in order to compel disclosure of his identity nor need he prove that the informer was a participant in or even an eyewitness to the crime.

The court in *Price* states that the defendant's burden extends only to a showing that in view of the evidence, the informer would be a material witness on the issue of guilt and non-disclosure of his identity would deprive the defendant of a fair trial. All the defendant is required to do is to demonstrate a reasonable possibility that an anonymous informant could give evidence on the issue of guilt which might result in his exoneration. Depriving the defendant of the opportunity of producing evidence which *might* result in his exoneration is what constitutes the error.

Applying this law to the facts of the case at hand, we do not find that the defendant has demonstrated a reasonable possibility that the anonymous informant could give evidence on the issue of guilt which might result in defendant's exoneration. The marijuana which the police found in defendant's residence consisted of two "bricks" of marijuana plus five "baggies", each baggie containing approximately one ounce of marijuana. In addition the officers found with the baggies a grater, strainer and postal scale. Witnesses testified that these latter three items were used by persons selling marijuana in order to properly refine the marijuana and package it in usable one-ounce quantities known as "lids".

Defendant testified and admitted that one of the bricks of marijuana was his but claims that the postal scale and the other brick belonged to a person named Jack Kelly. Defendant claims that he had purchased the one brick of marijuana approximately four hours prior to the time the officers searched the premises. Defendant contends the State was relying heavily on the fact that they found two bricks of marijuana in order to prove he possessed the marijuana for sale. Expert witnesses testified that the one brick of marijuana which the defendant admitted was his, was sufficient to make twenty-three hundred normal size marijuana cigarettes. Defendant testified that the marijuana was strictly for his own use and that he smoked approximately thirty marijuana cigarettes per day. A State's witness doubted the ability of the defendant to consume that many marijuana cigarettes in one day.

As to the materiality of the informer, the defendant contends that the informer might be able to testify that he was present when the sale took place and that one of the bricks was sold to Jack Kelly. The problem with this contention is that the sale did not take place at the defendant's home.

The affidavit of the informer states that he saw the marijuana in defendant's automobile and in his *residence*. Defendant does not contend that anyone was present at the sale other than Jack Kelly, the seller and himself. Defendant does not contend that the seller was in his house on that day or any other day. Assuming arguendo that Jack Kelly was the informant, defendant could readily have subpoenaed him as a witness if he so desired since the information that Jack Kelly was the one who purchased the other brick was already available to the defendant. If Jack Kelly is eliminated as the informer, then the defendant has failed to show a *reasonable* possibility that the informant could give his evidence on the issue of guilt which might result in his exoneration.

Defendant has shown us no reason for an exception to the non-disclosure rule or any violation of constitutional rights according to the case law in the field of search warrants.

Affirmed.

HATHAWAY, and KRUCKER, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.