Burke, J.
The defendant was convicted, upon his plea of guilty, of the crime of attempted possession of narcotics in violation of section 3305 of the Public Health Law and was sentenced as a multiple offender to six months. Prior to his guilty plea, a hearing was held on defendant’s motion to suppress certain evidence.
At that hearing, the arresting officer testified that, four days before he arrested the defendant, he had been informed by a person he had previously arrested that the defendant “ usually had heroin ”. On the day of the arrest of the defendant, the officer observed the defendant on a street in Brooklyn conversing with two other males whose names the officer did not know but who were known to the officer to be ‘ ‘ drug users ’ ’. The officer testified that nothing transpired between the other two men and the defendant, that there was conversation but no ‘ ‘ exchange of hands ’ ’. As the officer approached in a radio car, he saw the other two males walk quickly away. He thereupon approached the defendant and asked him what he was doing on the street and what he had been talking to the other two men about. The defendant replied that he was not doing anything and had not been talking to anyone. The officer then searched the defendant, found 13 glassine envelopes containing heroin in the heels of the defendant’s shoes and placed the defendant under arrest.
When cross-examined, the officer testified that he had known the informer for about four months and had made other arrests as the result of information supplied by the informer and that two convictions had resulted. Defense counsel questioned both the existence and the reliability of the alleged informer and, therefore, requested that the court direct the *492 disclosure of the informer’s identity. The request was denied and the motion to suppress the evidence was also denied.
On these facts, it is clear that there is insufficient evidence to support a finding of probable cause for the search and resulting arrest of the defendant. The officer’s independent observations at the scene were clearly insufficient to give rise to reasonable suspicion that a crime was being attempted or committed. (People v. Corrado, 22 N Y 2d 308; People v. Horowitz, 21 N Y 2d 55; People v. Valentine, 17 N Y 2d 128; People v. Malinsky, 15 N Y 2d 86.) There is absolutely nothing suspicious about three men standing on a sidewalk engaged in conversation, especially in view of the fact that the officer did not testify to having overheard any part of the conversation which might have given him an objective basis for such suspicion. (See People v. Cohen, 23 N Y 2d 674.) Furthermore, the fact that two of the men, “known drug users”, quickly walked away as the officer approached presents no stronger basis for suspecting that criminal activity was afoot and defendant’s answers to the officer’s questions reflect at most a failure to co-operate with him and can provide no basis for the requisite probable cause. There is, therefore, a complete absence of facts which would indicate that the arresting officer’s independent observations were sufficient to give rise to probable cause.
Since the officer’s own observations were insufficient to establish probable cause, it could be established only on the basis of the information supplied by the unidentified informer that the defendant ‘ ‘ usually had heroin ’ ’. Obviously, the information imparted was extremely vague and lacking in specifics and the source of the informer’s information is nowhere detailed so that it could as readily be rumor or outright fiction as personal knowledge of fact. In addition, defense counsel specifically questioned the existence and reliability of- the informer in asking that the court direct that his identity be disclosed. On these facts, we are presented with the ‘ ‘ rare ’ ’ case in which identity should be disclosed unless the officer’s observations provide objective verification of the details of the information supplied by the informer. (People v. Malinsky, 15 N Y 2d 86, 93, supra.) In this case, as in Malinsky, there is “no independent corroboration of the fact of the informer’s *493 existence or of Ms informing, nor was there, prior to the arrest[s], any separate checking out of the principal elements of the informer’s story or even any dependable proof of the accuracy of Ms information ’ ’ (People v. Malinsky, 15 N Y 2d 86, 94, supra; 19 N Y 2d 262). Therefore, in accordance with the procedure adopted in Malinsky, the determination of this appeal should be withheld and the case remitted to the Criminal Court of the City or New York for a further hearing on the motion to suppress in accordance with tMs opinion.
CMef Judge Fuld and Judges Bergan, Keating and Breitel concur with Judge Burke ; Judges Scileppi and Jasen dissent and vote to affirm on the ground that there is sufficient evidence to support a finding of probable cause for the search and resulting arrest of defendant since the officer’s independent observations and defendant’s false explanation at the scene were clearly sufficient to give rise to reasonable suspicion that a crime was being attempted or committed (People v. White, 16 N Y 2d 270).
Determination withheld, etc.