William J. Crangle, J.
Defendants, John Serafín and Anthony Rossi, move to dismiss an indictment charging them with the offense of criminal sale of a dangerous drug, upon the ground that the unduly lengthy delay between the alleged incident and the institution of proceedings against them was so prejudicial and so violative of due process as to render it impossible for them to receive a fair trial. They point out that the crime charged is alleged to have been committed on February 12, 1971; that at a February Term of Supreme Court in Montgomery County a Grand Jury was impanelled but that these cases were not submitted until the next term which was held in May. The said defendants were arrested upon a bench warrant on June 2, 1971 some three and one-half months after the commission of the alleged offense. They state that they are unable to remember the facts and circumstances surrounding the allegations of the indictment and thus would be seriously prejudiced in making their defense to the charges.
The defendant, Michelle Pisarczyk, makes substantially the same claim, pointing out that the sale of heroin in her case is alleged to have taken place on January 27, 1971.
In the case of People v. London (36 A D 2d 980), a recent drug’ case in which a similar motion was made, the court held that the mere allegation by the defense attorney that prearrest delay had caused substantial prejudice to defendant in that ‘ ‘ there was loss of witnesses [and] loss of memory and recollection ” is not sufficient to compel the court to grant a hearing. It further held that such a hearing should be denied because under the circumstances a four-month delay was not *195 prejudicial as a matter of law. The court does not say under what circumstances the motion might be granted- but it is implied that such a case might arise.
In a recent heroin sale case in California the Supreme Court there held that the prejudicial effect of a delay on a defendant must be weighed against any justification for delay. It con7 eluded in that case that no justification whatever was shown and that the pre-arrest delay was clearly prejudicial to the defendant. The court rejected arguments against holding that the right to a speedy trial applies to pre-arrest delays where prejudice is found and no proper police purpose is served by the delay. (Jones v. Superior Ct., 3 Cal. 3d 734 [Dec., 1970];)
Some other States and the United States Court of Appeals for the District of Columbia have taken a similar position. (People v. Hernandez, 15 Mich. App. 141 [Michigan Ct. of App., 1968]; Godfrey v. United States, 358 F. 2d 850- [1966].)
It would seem that the goal of essential fairness inherent in the concept of due process requires that an arrest be made within a reasonable time after the police have completed their investigation. Circumstances can be hypothesized under which it would be obviously prejudicial to a person charged with crime and presumably innocent thereof to be advised of the charge long after the date of commission, when he may be unable to secure evidence of his activities at the time or even to remember where he was and what he was doing.
Due process does not require, however, that traditional concepts of police investigation be abandoned. The evil to be avoided is simply the unjustifiable failure to act on the part of the police and prosecutor once they have completed their investigation of the case against the defendant, know of his whereabouts, and are in a position to make an arrest without endangering any proper police objective.
In this light I have examined the facts of this case and find that the motion to dismiss the indictment must be denied. Balancing any prejudice which the defendant may face because of the delay shown here is the pressing need shown for the delay.
It appears that along with these defendants a number of. other people in Montgomery County were under observation with respect to their alleged activities in the sale of drugs. This particular investigation continued during the winter and spring months of 1971 in this county and resulted in the presentation of numerous cases to the Grand Jury at the May Term. The defendants were amongst the first to be approached by an undercover agent in this investigation and the alleged sale by *196 them took place on February 12, 1971 in the case of defendants John Serafín and Anthony Rossi and on January 27, 1971 in the case of defendant Michelle Pisarczyk. The last of the cases which were a part of this investigation involved a sale of a dangerous drug’ on May 22, 1971 and in that case an indictment was returned and the defendant convicted at the current trial term of court.
This over-all investigation conducted in an area of only 30,000 population required measures to assure the utmost secrecy. It involved many high school students and was designed to apprehend and convict those who were selling and supplying dangerous drugs to other students. Obviously if the first persons suspected were arrested that would end the investigation forthwith for all practical purposes.
The investigation was conducted expeditiously, when completed the evidence was submitted with no delay whatever to the Grand Jury currently in session, and upon a return of the indictments bench warrants were issued and immediate arrests were made.
In Montgomery County there are three Supreme Court Terms a year. A Grand Jury is impanelled for each of these terms. It is unavoidable that a certain amount of delay will occur in some cases in which it is preferable that the indictment be found before an arrest is made. The problems and techniques of police detection and criminal prosecution require time and justify such delay as is necessary for the public welfare. When delay exceeds such necessity it becomes unreasonable and unjustified, but that is not the case here.
Motions denied; submit order.