531 P.2d 1136

STATE of Arizona ex rel. Moise BERGER, Maricopa County Attorney, Petitioner,

v.

The SUPERIOR COURT of Arizona, IN AND FOR the COUNTY OF MARICOPA, the Honorable Williby E. Case, Jr., Judge of the Superior Court; and Ernie SANTA CRUZ, Real Party in Interest, Respondents.

No. 11868.

Supreme Court of Arizona, En Banc.

Feb. 19, 1975.

**430**

Moise Berger, Maricopa County Atty., by Chris Hossack, Deputy County Atty., Phoenix, for petitioner.

Grayson M. Sandy, Jr., Phoenix, for respondents.

HAYS, Justice.

The county attorney of Maricopa County filed a petition for special action asserting that the respondent judge had abused his discretion in requiring the state to disclose the identity of its informant. We accepted jurisdiction of the petition for special action.

In order to determine the issue raised, we must look to the factual setting. Based on information supplied principally by the informant, the police secured a search warrant for a house on Cocopah Street in Phoenix, Arizona. Named as a resident of that address was Arthur Santa Cruz, brother of the respondent-defendant. Nowhere in the affidavit or search warrant is the defendant, Ernie Santa Cruz, named.

Thereafter, the police proceeded to the named address to execute the warrant. They waited until they were sure that the brother was present before attempting to enter the house. As the brother, Arthur, attempted to slow the entry of the police, the defendant attempted to dispose of a number of papers of heroin in a toilet and at a sink. His efforts were thwarted by other officers who had gone to the rear door and window, and defendant was apprehended in actual physical possession of fifty-two papers of heroin. In addition, a quantity of loose heroin and precut papers for packaging were found. Defendant admitted that he resided in the house and that various personal items belonged to him.

The defendant was charged with possession of heroin for sale. His defense is an assertion that he didn't know the heroin was at the house, or if he did know it, it was possessed solely by his brother Arthur. He contended to the trial court that he needed disclosure of the informant because the informant might testify that only the brother, Arthur, was involved in possessing and selling the narcotics.

The United States Supreme Court in Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), discussed the problem of disclosure of the identity of informants. In that case, the right of the defense to know the name of the informant was upheld because the informant was an active participant in the illegal activity charged. The Court laid down a broad general rule in the following language:

"We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors". 77 S.Ct. at 628–29.

■ In applying the *Roviaro, supra,* rule, we must keep in mind that a defendant seeking to overcome the basic policy of protecting an informant's identity, has the burden of proving that the informant is likely to have evidence bearing on the merits of the case. State ex rel. Berger v. Superior Court, 106 Ariz. 470, 478 P.2d 94 (1970).

■ We do not find that respondent-defendant's assertion that the informant if called as a witness *might* testify that the brother Arthur's illegal activity was the only activity of which he had knowledge justifies disclosure of the informant. The informant was not a participant in the illegal activity charged here. Speculation as to his knowledge of peripheral aspects of the case is not sufficient to bring the facts of this case within *Roviaro, supra. See* Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964). The trial court abused its discretion in ordering the state to disclose identity of its informant.

The defendant was the moving party on the motion for disclosure of the informant; hence, the delay occasioned thereby is an excluded period under Rule 8, 1973 Rules of Criminal Procedure, 17 A.R.S.

Order granting motion to disclose the informant in Maricopa County Superior Court Number CR–83457 is vacated.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.