Ernst Rosenberger, J.
On or about October 25, 1973, the defendant was indicted for the crimes of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree, and criminal possession of a controlled substance in the third degree.
The defendant has submitted an omnibus motion in which she seeks dismissal of the indictment against her, and failing that, she asks for a bill of particulars and discovery.
The defendant’s motion to dismiss is based on two general grounds: 1) that her right to a speedy trial pursuant to CPL 30.30 was violated, and 2) that the grand jury which voted to indict her was illegally and unconstitutionally constituted.
The defendant was arrested on September 29, 1973 and charged under felony complaint with criminal sale of a controlled substance in the first degree and conspiracy for acts having allegedly occurred on September 28 and 29, 1973. On September 30, she was arraigned in Criminal Court. The case was subsequently adjourned for the purpose of presenting it to a grand jury for appropriate action. On or about October 25, 1973, the defendant was indicted by the Special Narcotics Grand Jury. The Fifth New York County Grand Jury, on *360 October 31, 1973, dismissed the case pending before it in view of the previous indictment.
The defendant, however, was not arrested and arraigned on the indictment until April of 1974. During the seven-month interval, her whereabouts were not unknown to the prosecution, and at no time did she attempt to avoid apprehension. The District Attorney, in his answering papers, does not dispute this fact, but asserts that the indictment in connection with the instant case was sealed to protect the identity of the confidential informant. He contends that the delay in prosecuting the defendant was due to the belief of those involved in the investigation of the defendant and her associates that the life of the informant, as well as the success of the investigation, would have been endangered had the case been prosecuted earlier. From April, 1974 to the present, there have been a series of adjournments for the purpose of resolving pretrial motions and due to the nonappearance of one or the other of the individuals connected with this case.
CPL 30.30 (subd 1, par [a]) provides that a motion to dismiss an indictment on the ground that the defendant has been denied the right to a speedy trial must be granted, except in certain enumerated instances not here applicable, where the People are not ready for trial within "six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony”.
According to CPL 1.20 (subd 17), a "criminal action is commenced by the filing of an accusatory instrument against a defendant in a criminal court, and, if more than one accusatory instrument is filed in the course of the action, it commences when the first of such instruments is filed.” Thus, in the present matter, the criminal proceeding against the defendant commenced on September 30,1973, when the felony complaint was initially lodged against the defendant.
It is clear that, under CPL 30.30 (subd 1, par [a]), the indictment against the defendant must be dismissed, the allotted six-month period from the commencement of the criminal proceeding having lapsed prior to the rearrest of the defendant in April of 1974, unless the delay involved here is excludable under subdivision 4 of CPL 30.30. Since the People do not claim that the defendant’s location was unknown to them and that she was at any time unavailable for prosecution, the only basis for justifying the expiration of the re *361 quired time period must be found in CPL 30.30 (subd 4, par [g]X which states that:
"In computing the time within which the people must be ready for trial pursuant to subdivisions one and two, the following periods must be excluded: * * *
"other periods of delay occasioned by exceptional circumstances, including but not limited to, the period of delay resulting from a continuance granted at the request of a district attorney if (i) the continuance is granted because of the unavailability of evidence material to the people’s case, when the district attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will become available in a reasonable period; or (ii) the continuance is granted to allow the district attorney additional time to prepare the people’s case and additional time is justified by the exceptional circumstances of the case.”
The People contend that the approximately seven-month hiatus between the filing of the indictment and the arrest and arraignment of the defendant was warranted due to the "exceptional circumstances” involved here; that is, protection of the confidential informant and ensuring the viability of the ongoing investigation of the defendant and those associated with her.
First, it must be noted here that no continuance was ever granted by the court in connection with the instant case. The District Attorney alludes to the fact that the indictment against the defendant was ordered sealed by the court, and the record does reflect such an order. However, the only provision for sealing an indictment prior to arraignment in the Criminal Procedure Law is CPL 210.10 (subd 3). According to this section, the court must order the indictment to be filed as a sealed instrument until the defendant is produced or appears for arraignment if the defendant has not previously been held by a local criminal court for the action of the grand jury and the filing of the indictment constituted the commencement of the criminal action.
The criminal action against the defendant herein was commenced by the lodging of a felony complaint in the Criminal Court and not initially by the filing of an indictment. Therefore, there was no authority under the Criminal Procedure Law for a sealed indictment in the instant case. The fact that one was ordered may have been the result of confusion *362 brought on by the situation of two separate grand juries hearing evidence against the defendant in the same matter and the Criminal Court papers being sent to the Fifth Grand Jury rather than to the Special Narcotics Grand Jury, which indicted her.
The sole issue for consideration then is whether the delay in this case was justified by the need to protect the life of the informant, as well as the success of the investigation generally, thereby presenting the "exceptional circumstances” mandated by CPL 30.30 (subd 4, par g). This court is of the opinion that it was not. Although a privilege has long been recognized relating to the confidentiality of persons supplying the government with information concerning the commission of crimes, it is also clear that such a privilege is not available merely because the prosecution demands it (People v Goggins, 34 NY2d 163). The matter is one which must be determined in the exercise of discretion by the trial court (Roviaro v United States, 353 US 53; McCray v Illinois, 386 US 300, reh den 386 US 1042; People v Malinsky, 15 NY2d 86; People v Verrecchio, 23 NY2d 489; People v Cerrato, 24 NY2d 1; People v Castro, 29 NY2d 324; People v Goggins, supra; and People v Darden, 34 NY2d 177).
Further, the scope of the privilege is limited. "Where the disclosure of an informant’s identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way” Roviaro v United States, supra, pp 60-61). The People may not, as was done here, make a unilateral determination (according to the District Attorney in "the opinion of those persons supervising the investigation”) that the interests of the State herein are superior to the defendant’s constitutional right to a speedy trial. If there was a problem. involved protecting the confidentiality of their informant, the People should have applied to the court for a continuance. There was therefore no valid reason for the delay which occurred in the prosecution of this defendant.
The cases cited by the prosecution (People v Townsend, 38 AD2d 569; Ross v United States, 349 F2d 210; United States v Deloney, 389 F2d 324; People v Serafin, 67 Misc 2d 193) and the recently reported case of People v Tolkow (80 Misc 2d 1051) all deal with pre-arrest delays. The instant case is one of post-arrest delay.
The People allege that the delay was necessary to protect *363 the informant. This allegation is unsupported by any facts whatever. The indictment told the defendant no more about the case against her than the Criminal Court complaint did. The informant is not identified in the indictment any more than he was in the complaint. There is no demonstrated reason to believe the peril to him was any greater after indictment than it had been after arrest.
Consequently, the defendant’s motion to dismiss the indictment pursuant to CPL 210.20 (subd 1, par [g]) is granted. In view of the foregoing, the court deems it unnecessary to decide defendant’s other contentions.