540 P.2d 132

**Bruce Ben RESNICK, Petitioner,**

**v.**

**The STATE of Arizona, and the Honorable Ben C. Birdsall, Judge of the Superior Court, in and for the County of Pima, Respondents.**

**No. 2 CA–CIV 1950.**

Court of Appeals of Arizona, Division 2.

Sept. 16, 1975.

Rehearing Denied Oct. 15, 1975.

Mesch, Marquez & Rothschild, P.C. by Douglas H. Clark, Jr., Tucson, for petitioner.

Dennis DeConcini, Pima County Atty. by Gary S. Kneip, Deputy County Atty., Tucson, for respondents.

## OPINION

HATHAWAY, Judge.

The petitioner is the defendant in a criminal action, charged with unlawful possession of marijuana for sale. It appears that a confidential informant was at the house where petitioner resides and was arrested on the day before petitioner's arrest and observed an unusual quantity of

marijuana. The state has refused to disclose the name of the informant. The petitioner filed a motion to compel the state to disclose the name of the informant, which motion was denied. The petitioner alleges that he will suffer damage if he is compelled to proceed to trial without the opportunity of presenting the confidential informant as a witness in his behalf and that counsel will be unable to properly prepare petitioner's defense without the name of the informant.

The preliminary point raised by petitioner is that he is entitled to disclosure of the name of the informant under the doctrine set down in *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), and the cases following it. After a thorough discussion of the background giving rise to the privilege known as the "informer's privilege," the Supreme Court set forth a limitation upon the right of the government to withhold the informant's identity:

> "A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness. Where the disclosure of an informer's identity, or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way. In these situations the trial court may require disclosure and, if the government withholds information, dismiss the action." 353 U.S. at 60–61, 77 S.Ct. at 628.

Arizona has expressly adopted the *Roviaro* doctrine. See *State v. Godwin*, 106 Ariz. 252, 475 P.2d 236 (1970); *State v. Tisnado*, 105 Ariz. 23, 458 P.2d 957 (1969); *Rivera v. Superior Court*, 6 Ariz.App. 117, 430 P.2d 696 (1967).

■ What petitioner apparently overlooked, however, is the fact that these cases all hold that the balancing test is to be utilized when the reliable informant, whose name is being concealed, is also a material witness needed to establish the guilt or innocence of the accused. *Godwin, supra; State v. Snyder*, 12 Ariz.App. 142, 468 P.2d 593 (1970); *People v. Garcia*, 67 Cal.2d 830, 64 Cal.Rptr. 110, 434 P.2d 366 (1967). Also, *State v. Kelly*, 99 Ariz. 136, 407 P.2d 95 (1965). It appears from the record that the informant in this case is a mere informer, that is, one who only points "the finger of suspicion." He apparently has played no part in the criminal act itself. *People v. Williams*, 255 Cal.App.2d 653, 63 Cal.Rptr. 501 (1967). Mere speculation as to the informant's knowledge of peripheral aspects of the case has been held to be insufficient to require disclosure. *State ex rel. Berger v. Superior Court of Maricopa County*, 111 Ariz. 429, 531 P.2d 1136 (1975). We feel that petitioner has failed in his attempt to meet the burden of proof necessary to compel disclosure of the confidential informant on this basis.

■ The second reason proffered by petitioner to require disclosure is of much more magnitude. The petitioner maintains that it has been recognized that disclosure is made mandatory when the issue before the court is the existence of probable cause to determine whether a search or arrest was justified. That is, is an attack available by the petitioner on the search warrant on the ground that since the informant's name has not been disclosed, the informant either may or may not exist or may or may not be reliable, therefore undermining the foundation of probable cause for obtaining the warrant? The very problem of attacking the affidavit was met in *State v. Sabari*, 109 Ariz. 553, 514 P.2d 474 (1973), in which our Supreme Court said that an affidavit sufficient upon its face could not be attacked on a motion to suppress. However, as we pointed out in our opinion in *State v. Steele*, 23 Ariz.App. 73, 530 P.2d 919 (1975), the opinion in *Sabari* did not raise the applicability of Arizona Revised Statutes Sec. 13–1452 which allows a defendant to controvert the grounds for probable cause upon which the search warrant is issued. We are bound by *Sabari*; but assuming arguendo that one can attack

the warrant under A.R.S. Sec. 13–1452, petitioner still cannot prevail. The position taken in the Supreme Court dictum in *Roviaro*, to the effect that disclosure had been held necessary in probable cause cases "unless there was sufficient evidence apart from [the informer's] confidential communication," was adopted as the law of the Second Circuit by *United States v. Fay*, 344 F.2d 625 (2nd Cir. 1965); *United States v. Robinson*, 325 F.2d 391 (2nd Cir. 1963). Numerous other decisions from both state and federal courts have recognized that disclosure is made mandatory in such circumstances. Petitioner cites *People v. Verrecchio*, 23 N.Y.2d 489, 297 N.Y. S.2d 573, 245 N.E.2d 222 (1969); *People v. Malinsky*, 15 N.Y.2d 86, 262 N.Y.S.2d 65, 209 N.E.2d 694 (1965); *Priestly v. Superior Court*, 50 Cal.2d 812, 330 P.2d 39 (1958), as authority for this position. We are in full agreement that these cases do stand for the proposition which appellant says they do. However, the facts of those cases are not in accord with the facts of the instant situation.

We are dealing here with a search warrant situation, with an affidavit given under oath by a law enforcement officer to a magistrate for determination of whether to issue a search warrant based on probable cause. The cases cited by petitioner are non-warrant cases, where the law enforcement officers involved acted on tips from informants on their own accord, without the benefit of the decision of a disinterested judicial hearing. We can see the awesome possibilities present for fabrication by a law enforcement officer in the situation where he is given a tip by an informant and acts upon it without supplying sufficient corroborating cirumstances to support a finding of probable cause, independent of the tip from the informant. In such a situation, the danger is ever present that a law enforcement officer will act without probable cause, and, having made his search and found incriminating goods, will then invent an "informer" which gave him the information necessary to form "probable cause." In such a situation, where it is later shown that the law enforcement officer's arrival at probable cause was based on nothing, or just slightly more than a tip by a confidential informant, we can see that disclosure of the informant's identity is necessary in order that the foundation for the search and consequent arrest may be tested in a judicial determination. However, in the situation similar to that before us now, where a law enforcement officer appears before a disinterested magistrate to obtain a warrant and swears to the existence and reliability of an informant, a judicial determination is made beforehand. It is for this disinterested judicial officer to determine whether a law enforcement officer is or is not fabricating the basis for probable cause. If he is leary of the existence or of the reliability of the informant, the magistrate is free to deny the issuance of the warrant pending receipt either of a statement from the informant himself or an appearance by the informant in front of the magistrate. If such were done, the existence and reliability of the informant could be assured at the earliest possible stage and disclosure made unnecessary. We must assume from the state of the record before us that the magistrate who issued the search warrant was convinced of the existence and reliability of the informant and the veracity of the law enforcement officer testifying before him. As such, there is no reason incumbent upon the state to disclose the identity of its informant in this case.

The trial court's refusal to grant petitioner's motion to compel the disclosure of the name of the informant is affirmed.

HOWARD, C. J., and KRUCKER, J., concur.