569 P.2d 233

STATE of Arizona, Appellee,

v.

Frank Patrick ALTAMIRANO, Appellant.

No. 3739.

Supreme Court of Arizona,
In Banc.

Sept. 13, 1977.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Brice E. Buehler, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

Frank Patrick Altamirano was convicted of possession of a narcotic drug for sale. He appeals. Judgment affirmed.

On May 11, 1976, the police searched the residence of the appellant and his girl friend, Sarah Mungia. A search warrant had been obtained on the affidavit of a Phoenix police detective, Richard K. Hogue, who swore to information related to him by a confidential informant. Forty-eight and eight-tenths grams of heroin were found, part in a dresser drawer in the bedroom and part under an oleander bush at the back of the residence. In the bedroom were both men's and women's clothing and toilet articles.

Appellant, after being advised of his rights, was questioned both in the living room and in the bedroom. Part of the conversation which was held in the bedroom was in confidence as the police solicited appellant to become an informer. That conversation in the bedroom was suppressed by the trial court. In the questioning prior to the confidential conversation, the police officers did not ask appellant if the heroin belonged to him, nor did he specifically admit to its ownership.

Appellant's first claim of error is that the trial court erroneously denied a motion to disclose the identity of the informant. He urges that since the testimony of the arresting police officer revealed the informant was at the scene when the police searched appellant's residence, the informant was a material witness and his identity should have been disclosed. This argument is predicated on the holding by the United States Supreme Court in *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). There the Court said:

"Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60–61, 77 S.Ct. at 628, 1 L.Ed.2d at 645.

The rule in *Roviaro* has been applied in Arizona to circumstances where the informant is likely to have evidence bearing on the merits of the case, *State v. Tuell*, 112 Ariz. 340, 541 P.2d 1142 (1975); *State ex rel. Berger v. Superior Court*, 111 Ariz. 429, 531 P.2d 1136 (1975), and if it is shown that the informant is a witness to the criminal acts or to material facts on the issue of guilt there is no privilege of non-disclosure. *State v. Godwin*, 106 Ariz. 252, 475 P.2d 236 (1970). If the informant is a witness to the crime charged or to material facts on the issue of guilt, a defendant need not show that the evidence would be favorable nor need he prove that the informant was an eyewitness. He must only show that the informant's testimony might result in exoneration of the accused or that non-disclosure would deprive him of a fair trial. *State v. Tuell*, supra.

In the present case, while the evidence discloses that the informant was present when the officers searched appellant's home, appellant does not suggest that the informant could possibly testify to facts which would tend to establish who owned or possessed the heroin. Appellant, therefore, did not show that the informant could testify to material facts bearing on the

merits of the case or that the non-disclosure would deprive him of a fair trial. *State v. Tuell*, supra; *State ex rel. Berger v. Superior Court*, supra.

■ Appellant contends that the trial court erred by preventing him from asking a crucial question on cross-examination. The matter arose in this manner. Appellant had admitted in the course of the conversation which was suppressed that he had a $40-a-day drug habit. Defense counsel wished to ask Officer Hogue on cross-examination if appellant ever admitted that the heroin belonged to him. The State argues that the officer would have had to take into consideration the contents of the confidential conversation in the bedroom in order to answer the question. Appellant voir dired the officer for an offer of proof, but the officer did not testify that appellant did not admit that the heroin was his. Nor did the offer reveal what, if anything, was said that related to the question whether appellant admitted the heroin was his. The court was of the opinion that the question would open up the suppressed conversation to redirect examination.

We do not think that the question would necessarily open up the suppressed evidence if, as was apparently expected, Hogue answered that appellant had not admitted ownership of the heroin. But we think such evidence was of little probative value, since it would only prove that appellant had from the beginning denied his guilt. The failure of the court to permit the witness to answer the question was of such slight importance when weighed against all the evidence that it can be said with certainty that it could not possibly have changed the jury's verdict.

■ Appellant's final argument is that appellant was denied permission to call two witnesses as defense witnesses. The first witness was the attorney for Sarah Mungia. Apparently Mungia had been arrested on an unrelated second degree burglary charge and failed to appear for her Superior Court arraignment. The appellant proposed to call her lawyer to establish that she was not available for examination as to whether the heroin was or was not hers, and whether she was or was not an addict. We think, however, that the proper way to establish that a witness is not available to testify at a trial is to show that a timely subpoena was issued requiring that the witness attend the trial and that the witness could not be found within the jurisdiction of the court.

■ The second witness was appellant's brother, who was prepared to testify (1) that he and the appellant were employed at a body shop on a part-time basis; (2) that he was aware that his brother, the appellant, had been a heroin addict but that he knew his brother had not been using narcotics for the past three years; and (3) that the witness had personally seen Sarah Mungia inject narcotics. We think items 1 and 2 are not relevant to the issues of this case. The testimony from the State's witness established that the way the heroin was packaged indicated that it was possessed for sale and that part of the heroin was 27% pure and could be diluted for sale, and that the total amount of heroin had a street value of $12,000.00. We think, therefore, that the testimony of appellant's brother as to his part-time employment and that he was not a heroin addict did not tend to disprove that appellant possessed heroin for sale.

■ Appellant also argues that it was erroneous not to admit this testimony for the reason that this was evidence of good character. While it is true that an accused may offer evidence of his good character from which the jury may infer that he did not commit the crime charged, such good character may be offered only so long as it pertains to the trait involved in the charge. *State v. Kaiser*, 109 Ariz. 244, 508 P.2d 74 (1973). We see nothing from the proposed evidence of good character which would pertain to the trait involved in selling heroin.

■ Insofar as the third item, that Sarah Mungia was a narcotics user, the State admitted this and the prosecuting attorney so stated in his argument to the jury. There-

fore the testimony would have been cumulative and was properly excluded.

Judgment affirmed.

CAMERON, C. J., and HAYS, HOLO-HAN and GORDON, JJ., concur.