610 P.2d 76

**The STATE of Arizona, Appellee,**

v.

**Benny DIXON, Appellant.**

**No. 2 CA–CR 1863.**

Court of Appeals of Arizona, Division 2.

March 11, 1980.

Rehearing Denied April 9, 1980.

Review Denied April 29, 1980.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Richard S. Oseran, Pima County Public Defender by Barry J. Baker Sipe, Asst. Co. Public Defender, Tucson, for appellant.

## OPINION

RICHMOND, Judge.

Appellant challenges his conviction of possession for sale of a narcotic drug valued at more than $250.00. He urges four grounds for reversal: 1) The court erred in denying his motion to suppress evidence; 2) the identity of a confidential informant should have been disclosed; 3) the court impermissibly commented on the evidence; 4) the state improperly presented evidence of an unalleged prior federal conviction. We affirm.

Appellant was arrested after the police discovered heroin while searching his mobile home pursuant to a telephonic search warrant. He contends that the heroin should have been suppressed because the police exceeded the scope of the warrant when they disconnected the sewer hose and recovered the heroin as it was being flushed down the toilet by someone in the mobile home. The search warrant authorized the police to search the mobile home. Such a search may include all property logically constituting a part of the premises. *State v. Caldwell*, 20 Ariz.App. 331, 512 P.2d 863 (1973). The hose which ran from the trailer to a sewer connection on the ground was part of the mobile home and within the scope of the warrant. *See State v. Ogden*, 210 Kan. 510, 502 P.2d 654 (1972) (search of trash barrel located just outside building described in a warrant was properly considered part of the premises).

He also argues that other evidence was illegally obtained because the police did not wait a reasonable time before forcibly entering the home. An officer is authorized to break into a building to execute a warrant if he receives no response within a reasonable time after giving notice of his authority and purpose. A.R.S. § 13–3916(B)(1). What constitutes a reasonable time depends on the circumstances of each case. *State v. Bates*, 120 Ariz. 561, 587 P.2d 747 (1978). Here, the police were observed by someone in the mobile home when they knocked and announced their purpose. They entered the trailer a few seconds later, after hearing scurrying noises inside. Since the police gave the requisite notice, received no answer even though they had been observed, and heard sounds which militated against delay, their entry was justified. *State v. Dudgeon*, 13 Ariz.App. 464, 477 P.2d 750 (1970).

His next argument is that it was error not to disclose the identity of a confidential informant whose information led to the search of the mobile home. The affidavit for the warrant alleged that disclosure of the informant's identity would endanger his usefulness and safety. To overcome the policy of protecting an informant's identity, appellant had the burden of proving that the informant is likely to have evidence bearing on the merits of the case. *State ex rel. Berger v. Superior Court*, 111 Ariz. 429, 531 P.2d 1136 (1975). Appellant's contention that the informant might testify which of two defendants actually had possession of the heroin is not sufficient to justify disclosure. *Id.* Since the informant's information was used only to support the issuance of the warrant and did not pertain to any sales transactions, nondisclosure did not hamper appellant's defense. *People v. Jackson*, 37 Ill.App.3d 279, 345 N.E.2d 509 (1976).

Appellant also asserts that the trial judge erred when, in reversing a ruling during closing arguments, he stated there was evidence to support the prosecutor's comment that appellant was the "money man." Even if the judge's remark constituted a comment on the evidence, any error

was waived by lack of a timely objection. *State v. Romero,* 85 Ariz. 263, 336 P.2d 366 (1959).

Finally, appellant contends that a finding of a prior conviction should be reversed because of references to another prior conviction which was never alleged in the indictment. Any error was harmless beyond a reasonable doubt in light of the overwhelming evidence of the prior conviction that was alleged.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.