705 P.2d 949

**STATE of Arizona, Appellee,**

v.

**Gary G. PAPINEAU, Appellant.**

**No. 2 CA–CR 3283.**

Court of Appeals of Arizona, Division 2, Department B.

May 2, 1985.

Reconsideration Denied July 5, 1985.

Review Denied Sept. 10, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Crane McClennen, Phoenix, for appellee.

Bruce A. Burke, Tucson, for appellant.

---

## OPINION

LIVERMORE, Judge.

 Defendant, convicted of possession of marijuana, raises two issues on appeal concerning the propriety of the search leading to the discovery of the marijuana. The first, that the affidavit in support of the application for a warrant did not demonstrate probable cause and that the failure to raise that issue constituted ineffective assistance of counsel, is without merit. The affidavit recited firsthand recent knowledge of marijuana on the premises to be searched by an informer of demonstrated credibility. This satisfies the rigid test of *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), as well as the more relaxed standard of *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Beyond that, because the executing officers were acting in good faith reliance on a warrant, issued by a judicial officer, exclusion would not be an appropriate remedy. *United States v. Leon,* — U.S. —, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

Defendant's second issue relates to the manner of execution of the warrant. The trial court found that the officers, after knocking at the door of the house to be searched and announcing their authority and purpose, did not wait a "significant period of time" before entering. The court also found that the officers had the good faith belief that "the occupants were aware of their presence and identity" and that entry was necessary "to protect against a possible loss of evidence." The evidence on which these findings rest were that someone at the window of the house could see the officers approaching (that they were seen was confirmed by a witness within the house), that that person could have opened the door immediately, that the officers waited five to ten seconds after knocking and announcing before entering, and that they entered only after hearing "rustling" movements within.

Defendant contends that this evidence is insufficient to show that the officers were refused admittance or received no response

within a reasonable time so as to permit entry under A.R.S. § 13–3916(B). In *State v. Dixon,* 125 Ariz. 442, 610 P.2d 76 (App. 1980), also a narcotics search case where destruction of evidence is always a risk, we held otherwise. We there stated:

> "What constitutes a reasonable time depends on the circumstances of each case. *State v. Bates,* 120 Ariz. 561, 587 P.2d 747 (1978). Here, the police were observed by someone in the mobile home when they knocked and announced their purpose. They entered the trailer a few seconds later, after hearing scurrying noises inside. Since the police gave the requisite notice, received no answer even though they had been observed, and heard sounds which militated against delay, their entry was justified." Id. at 444, 610 P.2d at 78.

See also *United States v. Wysong,* 528 F.2d 345 (9th Cir.1976).

 Even had there been a violation of the knock and announce rule, defendant would have no standing to assert it because, though he was a resident of the house, he was not present when the warrant was executed. Only one whose own rights have been violated may seek the remedy of exclusion. *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). "The right which knock and announce rules provide *occupants* is the right to be warned that their privacy is about to be legally invaded." *State v. Sanchez,* 128 Ariz. 525, 528, 627 P.2d 676, 679 (1981) (emphasis added). Also important are avoidance of violent confrontations attendant to unannounced entries, prevention of destruction of property, and preventing unexpected exposure of private activities. *State v. Sanchez,* supra; *State v. Wright,* 131 Ariz. 578, 643 P.2d 23 (App.1982). Entry through an unlocked door involves no destruction of property. While those present may have felt their privacy unjustifiably invaded and while the entry may have heightened the risk of violent confrontation, only those present would have rights that would be violated. One not present at the entry would lose nothing.

No rights of the defendant having been invaded, he has no standing to assert the illegality of the entry. See *United States v. DeLutis,* 722 F.2d 902 (1st Cir.1983).

The judgment and sentence are affirmed.

HATHAWAY, P.J., and LACAGNINA, J., concur.