712 P.2d 462

The STATE of Arizona, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona and Honorable Richard A. Winkler, Judge of the Superior Court, Respondents,

and

Edward Forrest HALE and William Allen Hale, Real Parties in Interest.

No. 2CA–SA0314.

Court of Appeals of Arizona, Division 2, Department A.

Dec. 23, 1985.

**616**

Alan K. Polley, Cochise County Atty. by William W. Clayton and Patrick M. Elliston, Bisbee, for petitioner.

Ruben Teran S., Douglas, for real parties in interest.

## OPINION

FERNANDEZ, Judge.

The respondent court's order granting a motion to disclose the name of a confidential informant in a criminal case is the subject of this special action.

On August 7, 1985, an informant (a member of a law enforcement agency) telephoned the Douglas Police Department and described a drug transaction he had witnessed outside a residence in an area north of Douglas and the occupants of a vehicle which left the residence. The information was relayed to a deputy sheriff who stopped a car matching the description. A search of the two passengers, real parties in interest William Hale and Manuel Hernandez, resulted in the discovery of marijuana stuffed down the front of their pants. The driver of the car, Edward Hale, is the other real party in interest. Hernandez has pled guilty to possession of marijuana, a misdemeanor, and is not a party to this special action. The Hales have been charged with possession and transportation of marijuana. They filed a motion to disclose the name of the informant and the court, without taking any testimony, heard argument and granted the motion.

In related causes, acting on additional information from the same informant, previously gained information, and information developed in the stop of the Hale vehicle, sheriff's deputies stopped and searched another vehicle which resulted in the indictment of three men on drug charges in Cochise County Superior Court Cause No. 11785. Also, officers obtained a search warrant for the residence where the informant allegedly had observed William Hale and Hernandez transact business in the instant case. Seizure of contraband at the residence resulted in the indictment of five people on drug charges. In both Cause Nos. 11785 and 11775, cases being heard by different judges of the Cochise County Superior Court, motions to disclose the identity of the confidential informant were denied.

In their motion, the real parties in interest maintained that the disclosure of the informant was necessary (1) to show that law enforcement officers did not have probable cause for the search since they did not rely upon credible information supplied by a reliable informer, (2) to establish a defense to the crimes, and (3) in the event the real parties in interest are determined to be guilty of the offenses, to develop extenuating circumstances which would temper the punishment to be imposed.

We start with the general proposition that the state may withhold from disclosure the identity of a person who furnishes information to law enforcement officers concerning violations of law in furtherance of the public interest in law enforcement. *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *Riley v. United States*, 411 F.2d 1146 (9th Cir.1969), cert denied, 397 U.S. 906, 90 S.Ct. 897, 25 L.Ed.2d 87 (1970); *State v. Tuell*, 112 Ariz. 340, 541 P.2d 1142 (1975); *State v. Tisnado*, 105 Ariz. 23, 458 P.2d 957 (1969); Rule 15.4(b)(2), Rules of Criminal Procedure, 17 A.R.S. However, where the disclosure is "relevant and helpful to the defense or is essential to a fair determination of a cause, the privilege protecting the name of a confidential reliable informant must give way." *State v. Tuell*, 112 Ariz. at 343, 541 P.2d at 1145. It may be necessary to disclose an informant's name to show a defendant's innocence or to assure him of a

fair trial. *State v. Benge,* 110 Ariz. 473, 520 P.2d 843 (1974); *State v. Gutierrez,* 121 Ariz. 176, 589 P.2d 50 (App.1978). Our courts have stated that a defendant who seeks to overcome the policy of protecting an informant's identity has the burden of proving that the informant is likely to have evidence bearing on the merits of the case. *State ex rel. Berger v. Superior Court,* 106 Ariz. 470, 478 P.2d 94 (App.1970). Further, the defendant must show that nondisclosure of the identity would deprive a defendant of a fair trial. *State v. Castro,* 13 Ariz.App. 240, 475 P.2d 725 (1970).

■ Dealing first with the final point raised by the real parties in interest in their motion, we have found a complete absence of case law to support disclosure for the purpose of eliciting information pertinent to sentencing, and can find no support on that basis for the trial court's ruling.

We also reject the contention that the disclosure is necessary as to the issue of the real parties' in interest guilt or innocence. The burden is on a defendant to establish that the informant can testify on the merits of the case. *State v. Grounds,* 128 Ariz. 14, 623 P.2d 803 (1981); *State v. Altamirano,* 116 Ariz. 291, 569 P.2d 233 (1977); *State v. Tuell,* supra. In *Roviaro,* supra, the informant had an integral role in the alleged illegal activity of the accused. The court described the situation as follows:

> "This is a case where the Government's informer was the sole participant, other than the accused, in the transaction charged. The informer was the only witness in a position to amplify or contradict the testimony of Government witnesses. Moreover, a Government witness testified that Doe denied knowing petitioner or ever having seen him before. We conclude that, under these circumstances, the trial court committed prejudicial error in permitting the Government to withhold the identity of its undercover employee in the face of repeated demands by the accused for his disclosure."
> 77 S.Ct. at 630.

In *State v. Dixon,* 125 Ariz. 442, 610 P.2d 76 (App.1980), this court dealt with an argument by an appellant who claimed it was error not to disclose the identity of a confidential informant whose information led to the search of a mobile home. After stating the general rule that appellant had the burden of proving that the informant would be likely to have evidence bearing on the merits of the case, *State ex rel. Berger v. Superior Court,* supra, we found that appellant's contention that the informant might testify as to which of two defendants actually had possession of the heroin was not sufficient to justify the disclosure and since the informant's information was used only to support the issuance of a warrant and did not pertain to any sales transactions, nondisclosure did not hamper the defense, citing *People v. Jackson,* 37 Ill. App.3d 279, 345 N.E.2d 509, (1976).

This is also unlike the situation in *Tuell,* supra, where the informant could have identified the appellant as either the seller or an innocent party, and the appellant there demonstrated a reasonable possibility that the anonymous informant could give evidence on the issue of guilt which might result in his exoneration. Similarly, in *State v. Guiterrez,* 121 Ariz. 176, 589 P.2d 50 (App.1978), the appellant's main defense was misidentification, and the court found that there was a possibility that the informant could have information on the crucial issue of whether the purchase was made from appellant.

■ Conversely, this court held in *State v. Superior Court and Clark,* 114 Ariz. 610, 562 P.2d 1108 (App.1977), that since the informant was "not a material witness needed to establish the guilt or innocence of the Clarks [defendants], disclosure was not required." 114 Ariz. at 612, 562 P.2d at 1110. In the case before us, the disclosure of the informant is not necessary for the real parties in interest to build their defense. See *McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). It has been stated that: "Speculation as to possible assistance in the defense of a case which would be afforded by disclosure of

the informer's identity is not a sufficient basis for requiring that disclosure." *United States v. Waters*, 461 F.2d 248, 251 (10th Cir.1972). Here, one party had marijuana stuffed down the front of his pants when the vehicle was stopped and the other was driving a vehicle in which marijuana was being transported. The informant was not present in the vehicle and was not a party to the criminal acts alleged. There is no indication as to how the disclosure would assist the defense. No support for the trial court's ruling can be found in those cases which have allowed the disclosure to aid the defense at trial.

The sole possibility for justifying the respondent court's disclosure order is if it were necessary to show that the officer lacked probable cause to stop the vehicle. The landmark case on this point is *McCray v. Illinois*, supra, in which the Supreme Court stated:

> "In permitting the officers to withhold the informant's identity, the court was following well-settled Illinois law. When the issue is not guilt or innocence, but, as here, the question of probable cause for an arrest or search, the Illinois Supreme Court has held that police officers need not invariably be required to disclose an informant's identity if the trial judge is convinced, by evidence submitted in open court and subject to cross-examination, that the officers did rely in good faith upon credible information supplied by a reliable informant." 87 S.Ct. at 1059 (citations omitted).

In *McCray*, the Court upheld the trial judge's refusal to permit disclosure of the informant's identity, concluding that there is no constitutional mandate for the state to require disclosure of the informer's identity in every such preliminary hearing where it appears that the officers made the arrest or search in reliance upon facts supplied by an informer they had reason to trust. This court was faced with the precise issue of whether it was error to require disclosure where the informant's only role was to provide officers with sufficient information to constitute probable cause to search in *State v. Superior Court and*

*Clark*, supra. There, we quoted from *Resnick v. State*, 24 Ariz.App. 513, 540 P.2d 132 (App.1975), in which the court ordered disclosure, stating:

> "where it is later shown that the law enforcement officer's arrival at probable cause was based on nothing, or just slightly more than a tip by a confidential informant, we can see that disclosure of the informant's identity is necessary in order that the foundation for the search and consequent arrest may be tested in a judicial determination." 24 Ariz.App. at 515, 540 P.2d at 134.

However, in *Clark* the evidence showed that the agents were contacted by a confidential and reliable informant who stated that there was to be a delivery of a large amount of heroin at a certain house. Law enforcement officers subsequently utilized that information and set up a surveillance of the house leading to an eventual arrest. We concluded:

> "If the issue is not guilt or innocence but the question of probable cause for an arrest or search, an informant's identity need not be disclosed where the officers do not make an arrest until they have confirmed in their own minds that the information given by the informant was reliable. *McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); *Riley v. United States*, 411 F.2d 1146 (9th Cir.1969)." 114 Ariz. at 612–613, 562 P.2d at 1110–1111.

We analyzed the police report which concerned the details of the "tip" and its corroboration by the officer's observations and concluded that the report established the informant's reliability. We found that we were unable to say that the officer's arrival at probable cause was based on nothing more or just slightly more than a tip by a confidential informant which would require disclosure of the informant's identity, and therefore found that the disclosure of the informant's identity should not have been ordered.

The reporter's transcript of the grand jury proceedings has been provided

to us as part of the record in this special action. The deputy sheriff who testified at the proceeding alluded to weeks of investigation concerning the house at which the informant witnessed the transaction. In the memorandum supporting its petition, the state claimed that the deputy who stopped the vehicle had additional information concerning previous activity at that residence. However, we are at a loss to make any determination similar to the one we were able to make in *Clark* since the probable cause issue in this case is being litigated in a separate motion still at the trial court level.

In *Riley v. United States,* supra, cited by this court in *Clark,* the Ninth Circuit held that the trial court properly weighed the issue and in its discretion refused disclosure. However, the appellate court had before it the benefit of a record which showed that the informant involved had furnished information leading to 20 or more prosecutions for narcotics violations and that reliability was, in actuality, a foregone conclusion. On the state of the record presently before us and before the trial court at the time of its ruling, there is nothing to justify the order of disclosure. A different result might obtain depending on the circumstances brought out at the hearing on the motion to suppress. However, all we are called upon to decide is whether the trial court abused its discretion in ordering the disclosure on the record before it. To this question we can answer in the affirmative, and the order requiring disclosure of the informant is therefore vacated. The stay order is lifted and the case is remanded for further proceedings.

On stipulation of counsel, this case has been decided by two judges.

HOWARD, J., concurs.