762 P.2d 621

**The STATE of Arizona, Appellant,**

v.

**Chris VAIL, Appellee.**

**No. 2 CA–CR 87–0517.**

Court of Appeals of Arizona,
Division 2, Department B.

June 16, 1988.
Review Denied Nov. 1, 1988.

Stephen D. Neely, Pima County Atty. by Mark Lammers, Tucson, for appellant.

Walter B. Nash, III, Tucson, for appellee.

## OPINION

LIVERMORE, Presiding Judge.

■ The trial court suppressed marijuana seized at defendant's home because it found that the information supplied the superior court judge in support of the issuance of the search warrant did not constitute probable cause. That information was that an informant, who had on ten prior occasions provided accurate information leading to the seizure of narcotics and arrests and indictments, had said within the last two days that defendant had a visitor from St. Louis at his house who was in Tucson to buy marijuana from defendant. The informant also stated that the buyer had bought marijuana from defendant on prior occasions and described how that marijuana had been shipped to St. Louis. "The informant said that Vail and the buyer were looking at various marijuana samples and had not purchased any marijuana as of yet. The informant said that once the buyer found what he wanted it would be delivered to Vail's residence." The officer, speaking by telephone to the superior court judge, went on to say that he had corroborated the informant's description of the defendant and of his car, had determined that defendant had a prior narcotics record, and had begun surveillance of defendant's house. That surveillance revealed that on May 22, 1987, the following occurred:

(1) At 8:35 a.m., a truck delivered a red bag to a person matching the buyer's description;

(2) At 9:05 a.m., two men in a Pontiac delivered two large (3 feet by 2 feet) brown garbage bags that appeared heavy;

(3) At 12:18 p.m., defendant and the buyer drove to a nearby shopping center and made several phone calls from a pay phone; they also talked with the occupants of a red and white pickup truck;

(4) At 3:30 p.m. that same truck came to defendant's house and two small garbage bags were delivered;

(5) At 3:50 p.m., another pickup truck delivered a large brown heavy suitcase to defendant at his house.

Because we believe this information did provide probable cause to believe that marijuana was in defendant's house, we reverse the order suppressing that marijuana as evidence.

The information supplied in the application for a warrant satisfies the exacting standards of *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The informant's past track record established his credibility. 1 W. LaFave, *Search and Seizure* § 3.3(a) (2d ed. 1987). While he did not say how he learned of the

**336**

intentions of defendant and the buyer—"I know because they told me"—that he learned it from them is fairly inferrable from the details he gave about their transactions in the past and the methods they were presently pursuing to accomplish their goals. Detail like this must rest on personal observation because it is not the subject of casual conversation, the "offhand remark in a neighborhood bar" that so concerned the court in *Spinelli.* *See* Livermore, *The Draper–Spinelli Problem,* 21 Ariz.L.Rev. 945, 955–57 (1979).

Even if the information did not satisfy the *Spinelli* test, it surely is sufficient under the more relaxed standards of *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). There an anonymous informer described how Lance Gates would fly to Florida to meet his wife, who had driven there, so as to drive the car back with a load of marijuana. Police corroborated that Gates had flown to Florida and started driving north with his wife in their car. Applying a totality of circumstances approach to probable cause, the court found the tip, deficient both as to informant veracity and basis of knowledge, coupled with the observations in Florida, "as suggestive of a prearranged drug run, as ... of an ordinary vacation trip," 462 U.S. at 243, 103 S.Ct. at 2335, 76 L.Ed.2d at 551, sufficient to establish probable cause. Equally here the delivery of suitcases and garbage bags by four different people to defendant and his buyer is consistent with the informant's prediction that marijuana would soon be delivered to them.

 Finally, even if the information did not constitute probable cause, it was not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *United States v. Leon,* 468 U.S. 897, 923, 104 S.Ct. 3405, 3421, 82 L.Ed.2d 677, 699 (1984). Accordingly, under *Leon* the officers could in good faith rely on the judicial determination of probable cause. Should that determination later be found erroneous, suppression of the evidence would still not be required. See *State v. Edwards,* 154 Ariz. 8, 739 P.2d 1325 (App.1986); *State v. Papi-*

*neau,* 146 Ariz. 272, 705 P.2d 949 (App. 1985).

Reversed.

ROLL and FERNANDEZ, JJ., concur.