ALTENBERND, Judge,
concurring.
When deputies from the Manatee County Sheriffs Department came to Mr. Blest’s house to execute a valid search warrant for cocaine on Friday, September 18, 1992, at 8:45 p.m., he was not home. There were, however, two men in his front room. From the front porch, the deputies could see the men because the main door was open and the screen door was slightly ajar. One deputy came to the screen door, announced “sheriffs office with a search warrant,” and immediately opened the screen door and entered the home. The subsequent search was properly conducted with no unnecessary force or violence. The deputies located a large supply of cocaine.
Because the deputies did not wait for a few seconds at the screen door before entering this home, the trial court suppressed the critical evidence in this case and in two companion cases. State v. Boyd and Johnson, 632 So.2d 1038 (Fla. 2d DCA 1993). Under the case law and the arguments presented by the state, the trial court was required to suppress this evidence.
I write separately to emphasize that such a technical violation of section 933.09, Florida Statutes (1991) is, in my opinion, merely a statutory violation and not a violation of the Fourth Amendment. As I suggested in greater detail in State v. Robinson, 565 So.2d 730 (Fla. 2d DCA), review dismissed, 574 So.2d 143 (Fla.1990), there is no need to invoke the exclusionary rule under these circumstances. I fully agree that the exclusionary rule should be used when the police intentionally or flagrantly violate the knoek- and-announce rule. At that point, the violation rises to the level of a Fourth Amendment violation. See State v. Bamber, 630 So.2d 1048 (Fla.1994), aff'g 592 So.2d 1129 (Fla. 2d DCA 1991). See also Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). When the courts unnecessarily invoke the exclusionary rule in cases involving minor mistakes in police procedure, it is more difficult for the public to accept the valid use of the exclusionary rule in cases involving true violations of the Fourth Amendment.
If the state had not conceded that Mr. Blest had standing to raise this violation of section 933.09, I would argue that he lacked that standing. If no other person had been at his home, the deputies could have entered the home and legally obtained this cocaine. See Van Allen v. State, 454 So.2d 49 (Fla. 4th DCA 1984), review denied, 462 So.2d 1108 (Fla.1985). Their technical violation of section 933.09 did not endanger him or invade his privacy. In my opinion, he has no standing to contest the procedural failure of the deputies to wait at his door for a few seconds when he was not at home to open it. Other appellate courts have held that a defendant had no standing in similar circumstances. See State v. Johnson, 716 P.2d 1006 (Alaska Ct.App.1986); State v. Papineau, 705 P.2d 949 (Ariz.Ct.App.1985). See also United States v. DeLutis, 722 F.2d 902 (1st Cir.1983).